Stephen L. Madkour,  OSB No. 941091
County Counsel
Scott C. Ciecko, OSB No. 045587
Assistant County Counsel
Alexander Gordon, OSB No. 822671
Assistant County Counsel
Clackamas County, Oregon
2051 Kaen Road
Oregon City, OR  97045-1819
Telephone: 503-655-8362
Fax: 503-742-5397
Email: smadkour@co.clackamas.or.us
sciecko@co.clackamas.or.us
agordon@co.clackamas.or.us

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIP O'CONNOR et al, <br><br> Plaintiffs, <br><br> v. <br><br> CLACKAMAS COUNTY et al, <br><br> Defendants. | Case No. CV 11-1297 SI <br><br> COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) AND THE OREGON TORT CLAIMS ACT FILED ON BEHALF OF CLACKAMAS COUNTY, MICHAEL MCCALLISTER, GARY HEWITT, STEVE HANSCHKA, AND KIM BENTHIN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) AND THE OREGON TORT CLAIMS ACT FILED ON BEHALF OF CLACKAMAS COUNTY, MICHAEL MCCALLISTER, GARY HEWITT, STEVE HANSCHKA, AND KIM BENTHIN**

# TABLE OF CONTENTS

ARGUMENT........................................................................................1

1)    **The controlling pleading standards under Fed.R.Civ.P 8(a)(2) and Fed.R.Civ.P 12(b)6.** .............................................................................. 1

2)    **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Claims One, Two and Three of the Complaint as to Clackamas County, pursuant to Fed.R.Civ.P 12(b)6).** ........................................................................................... 4

3)    **The Oregon Tort Claims Act requires the dismissal of Claim Four of the Complaint as to the individual County Defendants and Clackamas County.** ......................................................................................... 9

   i)    **As to Clackamas County and the individual County Defendants, the Oregon Tort Claims Act governs Claim Four of the Complaint.** ....... 9

   ii)    **The Oregon Tort Claims Act specifically prohibits the Plaintiffs from maintaining their tort action against the individual County Defendants.** ............................................................................... 9

   iii)    **The failure of the Plaintiffs to comply with the mandatory notice provisions of the Oregon Tort Claims Act requires the dismissal of Claim Four of the Complaint as to Clackamas County.** ........................... 10

4)    **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Michael McAllister, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6),** ....................................................................................... 12

5)    **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Gary Hewitt, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6).** ........................................................................................ 16

6)    **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Steve Hanschka, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6).** ........................................................................................ 22

7)    **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2), as well as the applicable statute of limitations, requires the dismissal of Kim Benthin, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6)** ........................... 29

**8)    Claim One of the Plaintiffs' Complaint fails to set forth either a cognizable substantive due process or procedural due process claim under the Fourteenth Amendment and is to be dismissed in its entirety**…...........................................................................................37

**9)    Claim Two of the Plaintiffs' Complaint fails to set forth a cognizable retaliation claim under the First Amendment and is to be dismissed in its entirety.**..........................................................................44

**10)   Claim Three of the Plaintiffs' Complaint fails to set forth a cognizable "class of one" equal protection claim under the Fourteenth Amendment and is to be dismissed in its entirety.**.........................................47

**11)   Kip O'Connor is to be removed from the Complaint as a party Plaintiff in that he is not the real party in interest as to any of the properties that are asserted to have suffered injury.**.................................51

CONCLUSION............................................................................................52

## TABLE OF AUTHORITIES

**Cases**

*American Sanitary Service, Inc. v. Walker*, 276 Or. 389, 393 – 394 554 P.2d 1010 (1976) ................................................................................................................. 9

*Ashcroft v. Iqbal, 556 U.S. 662, 883 - 884,* 129 S.Ct. 1937 (2009) .... 4, 8, 9, 14, 15, 20, 27, 28, 34, 35, 36, 45, 46

*Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689 (1979) ......................... 12, 18, 26, 34

*Barren v. Harrington*, 152 F3d 1193, 1194 (9th Cir 1998), *cert denied*, 525 U.S. 1154, 119 S. Ct. 1058 (1999) ................................................................................. 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955  (2007) .. 1, 2, 3, 4, 8, 14, 20, 27, 35, 45, 47, 50, 51

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011)..................................................... 7, 16, 22, 29, 37, 44

*City of Cuyahoga Falls, Ohio, et ail v. Buckeye Community Hope Foundation, et al.,* 538 U.S. 188, 123 S. Ct. 1389 (2003) ...................................................... 39, 41

*Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99 (1957) ............................................. 1, 2

*Doyle v. City of Medford*, 606 F.3d 667, 673 (9TH Cir  2010) ................................ 42, 43

*Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir. 1995)...................................... 5

*Georgeson v. State,* 75 Or.App. 213, 216, 706 P.2d 570, *recon. denied, rev. denied* 300 Or. 332, 710 P.2d 14. (1985).......................................................................... 11

*Gerhart v. Lake County Montana*, 637 F.3d 1013 (9th Cir 2011) cert denied *Gerhart v. Lake County,* 181 L. Ed. 2d 143, 2011 U.S. Lexis 5784 (2011).......................... 42

*Gibson v. County of Washoe,* 290 F.3d 1175, 1185 (9th Cir. 2002) .............................. 6

*Hightower v. Schwarzenegger,* No. 1:04-cv-06028-OWW-SMS (PC), 2010 WL 3463853 at *8 (E.D. Cal. 2010) ............................................................................ 46

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733, 109 S. Ct. 2702 (1989) ............... 5

*Kraft et al v. Arden, et al.*, CV. 07-487-PK, 2008 U.S. Dist. LEXIS 91001, at * 17 – 18 (U.S.D.C. Or. Nov. 7, 2008) .......................................................................... 52

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) .................................................................................................... 5

*Moor v. County of Alameda*, 411 U.S. 693, 706 (1973)................................................ 5

*N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (2008) .................................. 48

*Parks v. Watson,* 716 F.2d 646, 655 – 656 (9th Cir. 1982) ......................................... 43

*Plumeau v. Sch. Dist. # 40 County of Yamhill,* 130 F.3d 432, 438 (9th Cir.1997) ... 22, 30

*Ruff v. County of Kings,* No. CV-F-05-631 OWW/GSA, 2008 U.S. Dist. LEXIS 82659 (ED Cal. Sept. 17, 2008)...................................................................................... 49

*Simon v. City of Phoenix,* 436 Fed. Appx. 756, 2011 U.S. App. LEXIS 11653 (9th Cir. May 24, 2011) ................................................................................................. 49

*Smith v. C.M.F. State Prison,* No. CIV S-10-2562 KJM P, 2010 WL 4817513 (E.D. Cal. 2010)......................................................................................... 15, 21, 28, 36

*Urban Renewal Agency v. Lackey,* 275 Or. 35, 40, 549 P.2d 657 (1976).................... 11

*Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994) ....................................................... 6, 16, 21, 29, 37

*Village of Willowbrook* v. *Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000) ............. 48

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 - 955 (9th Cir. 2008) . ..... 8

*West v. Atkins,* 487 U.S. 42, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988) ..................... 51

**Statutes**

U.S. Constitution, Fourteenth Amendment .............................................................. 40

42 U.S.C. § 1983..4, 5, 6, 7, 12, 15, 16, 17, 18, 20, 22, 23, 25, 28, 29, 30, 31, 33, 34, 51

42 U.S.C. § 1988(b) ...................................................... 6, 16, 21, 29, 37, 53

O.R.S. § 30.260............................................................................................... 9

O.R.S. § 30.265............................................................................................... 10

O.R.S. § 30.275 ......................................................................................... 10, 11

O.R.S. § 30.275(7) ........................................................................................ 11

**Rules**

Fed.R.Civ.P. 8(a)(2).................................................... 1, 2, 3, 4, 14, 20, 27, 36, 49, 50

Fed.R.Civ.P. 12(b)(6) 1, 2, 3, 4, 12, 14, 15, 17, 20, 23, 27, 28, 30, 36, 39, 43, 45, 47, 49, 50

**Other**

Clackamas County Zoning and Development Ordinance .......................................... 38

Floodplain Development Permit, Section 703.09 A................................................. 38

Floodplain Development Plan, Section 703.09 C ................................................... 38

COME NOW Clackamas County, Michael McCallister, Steve Hanschka, Gary Hewitt, and Kim Benthin, Defendants in the above captioned case and, in conformity with the requirements of law, file this Memorandum in support of their Motion to Dismiss the Plaintiffs' claims against them pursuant to the authority of Fed.R.Civ.P. 12(b)(6) and the Oregon Tort Claims Act. Throughout this Memorandum Michael McCallister, Steve Hanschka, Gary Hewitt, and Kim Benthin are, on occasion, collectively referred to as the individual County Defendants.

# ARGUMENT

### 1)   The controlling pleading standards under Fed.R.Civ.P 8(a)(2) and Fed.R.Civ.P 12(b)6.

Fed.R.Civ.P. 8(a)(2) states that a civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has long interpreted the "short and plain statement" requirement to mean that "the complaint must provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955  (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

However, more memorable and opaque than the above cited principle of *Conley, supra*, was the passage in

Justice Black's opinion for the Court in *Conley v. Gibson* [which] spoke not only of the need for fair notice of the grounds for entitlement to relief but of 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' 355 U.S., at 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80. This 'no set of facts' language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings; . . .

*Twombly, supra,* 550 U.S. at 563.

In its appraisal of *Conley's* "no set of facts" language the *Twombly* Court held

that:

*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: . . .

*Twombly*, *supra*, 550 U.S. at 562 – 563.

The *Twombly* Court further articulated the relationship between the

pleading requirements of Fed.R.Civ.P. 8(a)(2) and Fed.R.Civ.P. 12(b)(6) as follows:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan* v. *American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); . . .

*Twombly, supra,* 550 U.S. at 555.

Affirming the value of dismissal under Fed.R.Civ.P. 12(b)(6) when a court is faced with a pleading that fails to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) the *Twombly* Court offered the following:

We alluded to the practical significance of the Rule 8 entitlement requirement in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005), when we explained that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id.*, at 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (quoting *Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 741, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975)).  So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  5 Wright & Miller § 1216, at 233-234 (quoting *Daves* v. *Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (Haw. 1953)); . . .

*Twombly, supra,* 550 U.S. at 557 – 558.

Following *Twombly, supra,* the Court has further held that

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127

S. Ct. 1955, 167 L. Ed. 2d 929.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  . . . .

**[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss**.  *Id.* [Twombly], at 556, 127 S.Ct. 1955.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d at 157-158.  But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief**.'

*Ashcroft v. Iqbal,* 556 U.S. 662, 883 - 884, 129 S.Ct. 1937 (2009).  Emphasis added.

The standards applicable to the assessment of the sufficiency of a complaint under Fed.R.Civ.P 8(a)(2) and Fed.R.Civ.P. 12(b)(6) set forth by the Court in *Twombly, supra*, and *Iqbal, supra,* apply to pleadings in all civil actions.  *Iqbal, supra,* 556 U.S. at 887 – 888.

2)    **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Claims One, Two and Three of the Complaint as to Clackamas County, pursuant to Fed.R.Civ.P 12(b)6)**.

In Claims One, Two and Three of this sprawling Complaint naming one dozen Defendants, with a narrative consuming ninety-nine separately numbered paragraphs (with paragraph numbers 90 and 91 each numbered as paragraph 90), and featuring a glossary of terms, Plaintiffs claim an entitlement to recovery from Clackamas County under 42 U.S.C. § 1983.  Their claims are to be dismissed under Fed.R.Civ.P. 12(b)(6) as a consequence of the Plaintiffs' failure to comply with the

essential and most basic pleading requirements when recovery is sought from a local governmental unit pursuant to 42 U.S.C. § 1983.

The circumstances under which a public entity such as Clackamas County may be found liable under 42 U.S.C. § 1983 are "carefully circumscribed." *Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir. 1995). The now well-settled substantive law of municipal liability under 42 US.C. § 1983 finds its origin in *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018 (1978):

> We conclude, therefore, that **a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents**. Instead, **it is when execution of a government's policy or custom**, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, **inflicts the injury that the government as an entity is responsible under § 1983**.

*Monell, supra,* 436 U.S. at 694. Emphasis added.

Commencing with its initial recognition of local governmental liability under 42 U.S.C. § 1983 in *Monell, supra,* and continuing through subsequent cases, the United States Supreme Court has made clear on a number of occasions that a local governmental unit may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*. "As we indicated in *Moor v. County of Alameda*, 411 U.S. 693, 706 (1973) 'Congress did not intend, *as a matter of federal law*, to impose vicarious liability on municipalities for violations of federal civil rights by their employees.' 411 U.S., at 710, n. 27." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733, 109 S. Ct. 2702 (1989). See also *Barren v. Harrington*, 152

F3d 1193, 1194 (9th Cir 1998), *cert denied*, 525 U.S. 1154, 119 S. Ct. 1058 (1999); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).

The Plaintiffs' Complaint is void of any reference to a policy, practice or custom of Clackamas County which might, in any way, have been the moving force behind what the Plaintiffs claim is the deprivation of the rights guaranteed to them by the First and Fourteenth Amendments to the U.S. Constitution.  To the degree that the Plaintiffs' Complaint can in any fashion be read as stating claims under 42 U.S.C. § 1983, their claims as to Clackamas County are founded on the expressly rejected theory of respondeat superior liability.

Based upon the above authorities, Clackamas County moves for the dismissal of the Plaintiffs' Complaint against it.  As to Clackamas County the Complaint is, in all aspects, "unreasonable, frivolous, meritless or vexatious" such that Clackamas County is entitled, under 42 U.S.C. § 1988(b), to an award of the attorneys' fees incurred in the defense of this portion of Plaintiffs' lawsuit.  *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

Further, Clackamas County asks that this Court exercise its discretion and refuse to grant the Plaintiffs leave to amend their Complaint as to Clackamas County.

> Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although normally "verbosity or length is not by itself a basis for dismissing a complaint," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), we have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and

opacity.  Our cases instruct otherwise.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").  While "the proper length and level of clarity for a pleading cannot be defined with any great precision," Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."  5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010).

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011).

Clackamas County notes in passing that the Plaintiffs have also failed to offer any facts sufficient to state a claim that the Mount Hood Corridor CPO, a Community Planning Organization, is a "state actor" such that it is subject to liability under 42 U.S.C. § 1983.

Under familiar principles, even a private entity can, in certain circumstances, be subject to liability under section 1983.  In *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982), the Supreme Court created a two step analysis for determining whether or not there was state action by a private actor sufficient to establish liability for a constitutional tort.  The first inquiry was "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." *Id.* at 939.  The second was "whether, under the facts of this case, . . . [the] private parties, may be appropriately characterized as 'state actors." *Id.*  In *Brentwood Academy v. Tennessee Secondary School Athletic Association,* 531 U.S. 288, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001), the Court introduced a multi-factored test.  *Id.* at 295-300.  The inquiry is a general one: "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* at 295 (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).  Some of the factors to consider in determining whether there is a

"close nexus" are: (1) the organization is mostly comprised of state institutions; (2) state officials dominate decision making of the organization; (3) the organization's funds are largely generated by the state institutions; and (4) the organization is acting in lieu of a traditional state actor. *See id.* at 295-99.

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 - 955 (9th Cir. 2008) .

Rather than pleading any facts sufficient to support their claim that the Mount Hood Corridor CPO, a Community Planning Organization, is a state actor or acting under color of law, the Plaintiffs rely exclusively on the labels, conclusions and naked assertions that the Supreme Court has rejected as inadequate in *Twombly, supra,* and *Iqbal, supra.*  The relevant portions of the Plaintiffs' pleading are set out below:

Claim One

At all material times, defendants have acted under color of law. Complaint, p 16, ¶ 79

Claim Two

At all material times, defendants have acted under color of law. Complaint, p 17, ¶ 85

Claim Three

At all material times, defendants were acting under color of law. Complaint, p 18, ¶ 91

As held by the Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 883, 129 S.Ct. 1937 (2009):

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.

Ed. 2d 929.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

The Plaintiffs have failed to plead sufficient facts to support their allegations as to the Mount Hood Corridor CPO, a Community Planning Organization.  Rather they have offered only labels, conclusions and naked assertions.  The Plaintiffs' Complaint is to be dismissed as to the Mount Hood Corridor CPO.

3) **The Oregon Tort Claims Act requires the dismissal of Claim Four of the Complaint as to the individual County Defendants and Clackamas County**.

 i) **As to Clackamas County and the individual County Defendants, the Oregon Tort Claims Act governs Claim Four of the Complaint**.

Claim Four of the Complaint is a supplemental state law claim brought against both Clackamas County and the individual County defendants asserting a right to recover for the interference with contractual relations and the intentional interference with business relations.  These causes of action largely overlap and are recognized under Oregon law as torts.  *American Sanitary Service, Inc. v. Walker*, 276 Or. 389, 393 – 394 554 P.2d 1010 (1976).  That being the case, the Plaintiffs' claim here is governed by the Oregon Tort Claims Act, O.R.S. § 30.260, et seq.

 ii) **The Oregon Tort Claims Act specifically prohibits the Plaintiffs from maintaining their tort action against the individual County Defendants**.

The Oregon Tort Claims Act specifically prohibits the Plaintiffs from maintaining their tort action against the individual County Defendants. As applicable here, O.R.S. § 30.265 sets forth the following:

30.265 Scope of liability of public body, officers, employees and agents;

(1) **The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties** and eligible for representation and indemnification under ORS 30.285 or 30.287 **shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit**. No other form of civil action or suit shall be permitted. **If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant**. (Emphasis added).

Inasmuch as the Plaintiffs have already pleaded that Clackamas County is liable to them for the torts of interference with contractual relations and the intentional interference with business relations there is no need to "substitute" Clackamas County for the individual County defendants. Rather, pursuant to the Oregon Tort Claims Act, Claim Four of the Complaint is to be dismissed as to the individual County defendants.

**iii)    The failure of the Plaintiffs to comply with the mandatory notice provisions of the Oregon Tort Claims Act requires the dismissal of Claim Four of the Complaint as to Clackamas County.**

The Oregon Tort Claims Act contains a "notice of claim" provision at O.R.S. § 30.275. As applicable here, with emphasis added, O.R.S. § 30.275 sets forth the following:

O.R.S. § 30.275. Notice of claim; time of notice and action

(1) **No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section**.

(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:
(a) For wrongful death, within one year after the alleged loss or injury.
(b) For all other claims, **within 180 days after the alleged loss or injury**. (Emphasis added).

O.R.S. § 30.275 is a jurisdictional, not a procedural statute. The notice of claim provision is a substantive condition precedent to recovery for claims within the ambit of the Oregon Tort Claims Act. Failure to satisfy the notice of claim provision deprives a plaintiff of the right to make a claim. Further, the plaintiff bears the burden of proving that proper notice of claim was given. O.R.S. § 30.275(7).

"As stated in *Urban Renewal Agency v. Lackey,* 275 Or. 35, 40, 549 P.2d 657 (1976), '[t]he pleading and proof of notice sufficient to satisfy the requirements of O.R.S. § 30.275 is a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act.' " *Georgeson v. State,* 75 Or.App. 213, 216, 706 P.2d 570, *recon. denied, rev. denied* 300 Or. 332, 710 P.2d 14. (1985).

The Plaintiffs have failed to meet the notice of claim requirements of the Oregon Tort Claims Act. That being the case, their supplemental state claim as set out in Claim Four cannot be maintained as to Clackamas County and is to be dismissed.

**4)** **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Michael McAllister, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6)**,

In Claims One, Two and Three of the Complaint the Plaintiffs assert an entitlement to recovery from Michael McAllister under 42 U.S.C. § 1983. Their claims are to be dismissed under Fed.R.Civ.P. 12(b)(6) as a consequence the Plaintiffs failure to comply with the essential and most basic pleading requirements when recovery is sought from a state actor or an individual acting under color of law pursuant to 42 U.S.C. § 1983.

As set out in the Plaintiffs' Complaint the complete set of factual allegations as to the conduct of Michael McAllister are as follows:

> On January 7, 2010, Michael McCallister, a named Defendant herein, attended a meeting of the Mt. Hood Community Planning Organization and accused Mr. O'Connor of violating floodplain development and construction laws and asserted that such acts created the risk of increased flood insurance rates within Clackamas County. Michael McCallister also suggested that Mr. O'Connor's construction license should be revoked.

Complaint, pp. 9 - 10, ¶ 48.

These factual allegations in the Complaint fail to link the conduct of Mr. McAllister to any conduct that would even suggest a violation of rights secured to any of the Plaintiffs by any provision of the U.S. Constitution or federal law. Notwithstanding its breadth, 42 U.S.C. § 1983 does not provide a mechanism for the redress of state torts, nor are the guarantees provided by the United States Constitution coextensive with the protections provided to citizens by state tort laws. *Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689 (1979).

Indeed it is simply impossible to determine how any of Mr. McAllister s alleged acts bear any relationship to Claim One, Two or Three of the Plaintiffs' Complaint.

Claim One sets forth the following:

(Fourteenth Amendment – Violation of Substantive and Procedural Due Process)

Defendants actions in denying and delaying permits, issuing citations, conducting hearings and otherwise refusing to permit plaintiffs to conduct legal activities were arbitrary and capricious and in violation of fundamental concepts of due process. Defendants' actions did not substantially advance any governmental purpose.

Complaint, p. 16, ¶ 77

Claim Two sets forth the following:

(Violation of 42 U.S.C. 1983 – First Amendment Retaliation)

As alleged above, defendants retaliated against plaintiffs for exercising First Amendment Rights.

Complaint, p. 17, ¶ 83

Defendants' actions were in violation of Plaintiffs' First Amendment Rights, in particular freedom of speech and the right to petition the government for redress of grievances as applied to the states through the Fourteenth Amendment.

Complaint, p. 17, ¶ 84

Claim Three sets forth the following:

(Violation of 42 U.S.C. 1983 – Fourteenth Amendment – Equal Protection)

Defendants treated plaintiffs differently from other land owners, developers and contractors in violation of the equal protection guaranteed by the Fourteenth Amendment by taking retaliatory action against then as alleged in the Second Claim, by denting and delaying permits to them or their businesses, by issuing numerous non-meritorious citations against them or their businesses, by conducting

sham administrative hearings and by issuing illegal orders which were
based in fact or law.
Complaint, p. 18, ¶ 90

     Defendants' actions were irrational and arbitrary and were
motivated by animosity, ill will and vindictiveness against plaintiffs for
having exercised their First Amendment Rights, as alleged in the
Second Claim.
Complaint, p. 18, ¶ 90 (misnumbered in Complaint)

What the Plaintiffs present as an articulation of their claims for relief are

nothing more than labels and conclusions; naked assertions devoid of further

factual enhancement; and formulaic recitations of the elements of a cause of action.

The Supreme Court has expressly held in *Twombly, supra* and *Iqbal, supra.* that

such pleadings fail to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) and warrant

the dismissal of such a Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

     **A pleading that offers "labels and conclusions" or "a
formulaic recitation of the elements of a cause of action will
not do."** 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. **Nor does
a complaint suffice if it tenders "naked assertion[s]" devoid of
"further factual enhancement**." *Id.*, at 557, 127 S. Ct. 1955, 167 L.
Ed. 2d 929. . . . .

     **[O]nly a complaint that states a plausible claim for relief
survives a motion to dismiss**. *Id.* [Twombly], at 556, 127 S.Ct.
1955. Determining whether a complaint states a plausible claim for
relief will, as the Court of Appeals observed, be a context-specific task
that requires the reviewing court to draw on its judicial experience and
common sense. 490 F.3d at 157-158. But **where the well-pleaded
facts do not permit the court to infer more than the mere
possibility of misconduct, the complaint has alleged-but it has
not 'show[n]'-'that the pleader is entitled to relief**.'

*Iqbal, supra*, 556 U.S. at 883 - 884. Emphasis added.

As noted the factual allegations of the Complaint do not even present the mere possibility of misconduct by Mr. McAllister that is subject to remedy in a suit under 42 U.S.C. § 1983.  Again referencing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009)

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan* v. *Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

*Iqbal, supra*, 556 U.S. at  883

In *Smith v. C.M.F. State Prison,* No. CIV S-10-2562 KJM P, 2010 WL 4817513 (E.D. Cal. 2010) the District Court was called upon to examine the sufficiency of a claim under Fed.R.Civ.P. 12(b)(6)

> **To proceed with a civil rights action, plaintiff must connect named defendants clearly with the claimed denial of his rights**. *Farmer v. Brennan,* 511 U.S. 825, 837, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (official's liability for deliberate indifference requires that official know of and disregard an 'excessive risk'); *Johnson v. Duffy,* 588 F.3d 740, 743-44 (9th Cir.1978) (discussing 'requisite causal connection' in section 1983 cases between named defendant and claimed injury).  **The complaint does not connect [Michael McAllister] with the claimed violation of rights**. **Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory**. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

2010 WL 4817513 at *2.  Emphasis added.

Based upon the above authorities, Michael McAllister moves for the dismissal of the Plaintiffs' Complaint against him.  As to Michael McAllister the Complaint is, in all aspects, "unreasonable, frivolous, meritless or vexatious" such that Michael McAllister is entitled, under 42 U.S.C. § 1988(b), to an award of the attorneys' fees incurred in the defense of this portion of the Plaintiffs' lawsuit.  *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

Further, Michael McAllister asks that this Court exercise its discretion and refuse to grant the Plaintiffs leave to amend their Complaint as to him.

> Normally, when a viable case may be pled, a district court should freely grant leave to amend.  *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).  Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay.  *Id.*

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011).

Here the Plaintiffs do not have a viable claim against Mr. McAllister under 42 U.S.C. § 1983.  Further, under the facts alleged in the Plaintiffs' Complaint, the presentation of a claim against Mr. McAllister under 42 U.S.C. § 1983 reflects bad faith by the movants and demonstrates the futility of any amendment as to Mr. McAllister.

**5) The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Gary Hewitt, one of the**

**individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6)**.

In Claims One, Two and Three of the Complaint the Plaintiffs assert an entitlement to recovery from Gary Hewitt under 42 U.S.C. § 1983.  Their claims are to be dismissed under Fed.R.Civ.P. 12(b)(6) as a consequence the Plaintiffs failure to comply with the essential and most basic pleading requirements when recovery is sought from a state actor or an individual acting under color of law pursuant to 42 U.S.C. § 1983.

As set out in the Plaintiffs' Complaint the complete set of factual allegations as to the conduct of Gary Hewitt which the Plaintiffs assert constitute a cognizable claim under 42 U.S.C. § 1983, are as follows, with emphasis added:

> On December 2, 2009, O'Connor submitted the final application documents to Clackamas County, including the required "no adverse effects" statement from Firwood Design Group.  **Hewitt immediately presented O'Connor with a Notice of Incomplete Application, dated December 3, 2009, addressed to O'Connor, Konell and Lifestyle Ventures [a nonparty]**.  The Notice states that O'Connor had not presented documents which in fact had been included in final application submittal just given to Hewitt at that time.  The Notice also indicates falsely that FEMA [Federal Emergency Management Agency] was concerned that the revetment which O'Connor had constructed at lots 4200-4400 [lots 4200 and 4300 are owned by a nonparty, Lifestyle Ventures, LLC.  Complaint, p. 4, ¶ 23] was illegal and had the potential to increasing [sic] flood insurance rates throughout the entire Clackamas County area.

Complaint, p. 8, ¶ 46

> [On December 2, 2009] **[a]lthough Hewitt was aware that plaintiffs had completed the application process, he advised O'Connor that plaintiffs could not rely on the BFE [Base Flood Elevation] certification from Firwood Design Group** because it was incorrect.

Complaint, p. 9, ¶ 46

[On December 2, 2009] **Hewitt advised O'Connor that [Steve] Hanschka had determined** that O'Connor could not get approval of his application without obtaining a Letter of Map Approval ("LOMA") from FEMA [Federal Emergency Management Agency] and therefore **Hanschka had given Hewitt a LOMA Letter of Map Approval application form to deliver to O'Connor**. Because this was a new requirement **Hewitt told O'Connor that the plaintiffs must extend the time the County had to make a decision if plaintiffs wanted to get the LOMA [Letter of Map Approval] survey worked completed**, otherwise plaintiffs" application would expire and they would have to pay all the fines at $3500 per day per lot since the first day of beginning construction of the revetment. Because of this threat, on December 2, 2009, O'Connor signed an extension and agreed to obtain the LOMA [Letter of Map Amendment].

Complaint, p. 9, ¶ 46

These factual allegations in the Complaint fail to link the conduct of Mr. Hewitt to any conduct that would even suggest a violation of rights secured to any of the Plaintiffs by any provision of the U.S. Constitution or federal law. Notwithstanding its breadth, 42 U.S.C. § 1983 does not provide a mechanism for the redress of state torts, nor are the guarantees provided by the United States Constitution coextensive with the protections provided to citizens by state tort laws. *Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689 (1979).

Indeed it is simply impossible to determine how any of Mr. Hewitt's alleged acts bear any relationship to Claim One, Two or Three of the Plaintiffs' Complaint.

Claim One sets forth the following:

(Fourteenth Amendment – Violation of Substantive and Procedural Due Process)

Defendants actions in denying and delaying permits, issuing citations, conducting hearings and otherwise refusing to permit plaintiffs to conduct legal activities were arbitrary and capricious and in violation of fundamental concepts of due process. Defendants' actions did not substantially advance any governmental purpose.

Complaint, p. 16, ¶ 77

Claim Two sets forth the following:

(Violation of 42 U.S.C. 1983 – First Amendment Retaliation)

As alleged above, defendants retaliated against plaintiffs for exercising First Amendment Rights.
Complaint, p. 17, ¶ 83

Defendants' actions were in violation of Plaintiffs' First Amendment Rights, in particular freedom of speech and the right to petition the government for redress of grievances as applied to the states through the Fourteenth Amendment.
Complaint, p. 17, ¶ 84

Claim Three sets forth the following:

(Violation of 42 U.S.C. 1983 – Fourteenth Amendment – Equal Protection)

Defendants treated plaintiffs differently from other land owners, developers and contractors in violation of the equal protection guaranteed by the Fourteenth Amendment by taking retaliatory action against then as alleged in the Second Claim, by denting and delaying permits to them or their businesses, by issuing numerous non-meritorious citations against them or their businesses, by conducting sham administrative hearings and by issuing illegal orders which were based in fact or law.
Complaint, p. 18, ¶ 90

Defendants' actions were irrational and arbitrary and were motivated by animosity, ill will and vindictiveness against plaintiffs for having exercised their First Amendment Rights, as alleged in the Second Claim.
Complaint, p. 18, ¶ 90 (misnumbered in Complaint)

What the Plaintiffs present as an articulation of their claims for relief are nothing more than labels and conclusions; naked assertions devoid of further factual enhancement; and formulaic recitations of the elements of a cause of action.

The Supreme Court has expressly held in *Twombly, supra* and *Iqbal, supra.* that such pleadings fail to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) and warrant the dismissal of such a Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929. . . . .

> **[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss**. *Id.* [Twombly], at 556, 127 S.Ct. 1955.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d at 157-158.  But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief**.'

*Iqbal, supra*, 556 U.S. at 883 - 884.  Emphasis added.

As noted the factual allegations of the Complaint do not even present the mere possibility of misconduct by Mr. Hewitt that is subject to remedy in a suit under 42 U.S.C. § 1983.  Again referencing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan* v. *Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

*Iqbal, supra*, 556 U.S. at  883.

In *Smith v. C.M.F. State Prison,* No. CIV S-10-2562 KJM P, 2010 WL 4817513 (E.D. Cal. 2010) the District Court was called upon to examine the sufficiency of a claim under Fed.R.Civ.P. 12(b)(6).

> **To proceed with a civil rights action, plaintiff must connect named defendants clearly with the claimed denial of his rights**. *Farmer v. Brennan,* 511 U.S. 825, 837, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (official's liability for deliberate indifference requires that official know of and disregard an 'excessive risk'); *Johnson v. Duffy,* 588 F.3d 740, 743-44 (9th Cir.1978) (discussing 'requisite causal connection' in section 1983 cases between named defendant and claimed injury). **The complaint does not connect [Gary Hewitt] with the claimed violation of rights**. **Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory**. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

2010 WL 4817513 at *2.  Emphasis added.

Based upon the above authorities, Gary Hewitt moves for the dismissal of the Plaintiffs' Complaint against him.  As to Gary Hewitt the Complaint is, in all aspects, "unreasonable, frivolous, meritless or vexatious" such that Gary Hewitt is entitled, under 42 U.S.C. § 1988(b), to an award of the attorneys' fees incurred in the defense of this portion of the Plaintiffs' lawsuit.  *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

Further, Gary Hewitt asks that this Court exercise its discretion and refuse to grant the Plaintiffs leave to amend their Complaint as to him.

> Normally, when a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v.*

*Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. *Id.*

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011).

Here the Plaintiffs do not have a viable claim against Mr. Hewitt under 42 U.S.C. § 1983. Further, under the facts alleged in the Plaintiffs' Complaint, the presentation of a claim against Mr. Hewitt under 42 U.S.C. § 1983 reflects bad faith by the movants and demonstrates the futility of any amendment as to Mr. Hewitt.

6) **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2) requires the dismissal of Steve Hanschka, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6)**.

On October 27, 2011, the Complaint in this matter was filed in the U.S. District Court for the District of Oregon. In Claims One, Two and Three of the Complaint the Plaintiffs assert an entitlement to recovery from Steve Hanschka under 42 U.S.C. § 1983. The statute of limitations for Oregon actions brought under 42 U.S.C. § 1983 is two years. *Plumeau v. Sch. Dist. # 40 County of Yamhill,* 130 F.3d 432, 438 (9th Cir.1997). All acts occurring prior to October 27, 2009, are outside of the statute of limitations and not subject to recovery under 42 U.S.C. § 1983.

As to Mr. Hanschka the Plaintiffs set forth the following facts and events occurring outside the statute of limitations upon which they base their claims for recovery under 42 U.S.C. § 1983:

In or about October, 2007, O'Connor met with defendant Hanschka to determine the BFEs [Base Flood Elevations] for the lots, [Lots 4200, 4300 and 4400 Liberty Lodge Subdivision.  Lots 4200 and 4300 were owned by Lifestyle Ventures, LLC, a nonparty.  Lot 4440 was owned by Lisa Konell.  Complaint, p. 4, ¶ 23].  O'Connor and Hanschka reviewed FEMA [Federal Emergency Management Agency] and County maps which indicated that plaintiff could construct houses on the lots, provided he verified the elevations where the homes were to be located on the lots.  Plaintiff verified the BFE [Base Flood Elevation] information, by obtaining elevation certificates from professional land surveyors, which indicated the homes were buildable because they were to be located above the BFE [Base Flood Elevation].

Complaint p 5 ¶ 24

On August, 11, 2009, Hanschka notified plaintiffs that the FDP [Floodplain Development Plan] and PRCA [Principal River Conservation Area] application] (FDP #Z0519-09-F) was incomplete. This notice specified the completion date for the application as February 13, 2010.  Among other things, defendant Hanschka advised O'Connor that the elevation certificate signed by Fir Wood [sic] Design Group was not acceptable because by Hanschka determination, it indicated that the elevation was below the BFE [Base Flood Elevation] for the proposed building site.  At that time Hanschka knew the elevation he was using to make this determination was upriver from the site and therefore considerable [sic] higher than where the lots were located.

Complaint, pp 6 - 7, ¶36

Further, the Plaintiffs' claims that reference facts and events occurring within the applicable statute of limitations are to be dismissed under Fed.R.Civ.P. 12(b)(6) as a consequence the Plaintiffs failure to comply with the essential and most basic pleading requirements when recovery is sought from a state actor or an individual acting under color of law pursuant to 42 U.S.C. § 1983.

As set out in the Plaintiffs' Complaint the remaining factual allegations as to the conduct of Steve Hanschka which the Plaintiffs assert constitute a cognizable claim under 42 U.S.C. § 1983, are as follows:

On November 5, 2009, O'Connor obtained BFE [Base Flood Elevation] certificates and no fill certificates from Firwood Design Group. Defendant Hanschka, determined, based on his use of an improper BFE [Base Flood Elevation] that these certifications were not adequate even though they fully complied with Zoning and Development Ordinance ("ZDO") requirements. Hanschka also contacted Firwood Design Group and suggested that the certifications had been forged by O'Connor, and that Fir Wood [sic] was not qualified to be working on projects such as O'Connor's.

Complaint, pp. 7 - 8, ¶ 43

[On December 2, 2009], Hanschka, circulated the notice [of Incomplete Application, dated December 3, 2009, addressed to O'Connor, Konell and Lifestyle Ventures (a nonparty)]_through out [sic] the community where O'Connor lived by forwarding it to Defendant Don Mench.

Complaint, p. 8, ¶ 46

[On December 2, 2009] Hewitt advised O'Connor that [Steve] Hanschka had determined that O'Connor could not get approval of his application without obtaining a Letter of Map Approval ("LOMA") from FEMA [Federal Emergency Management Agency] and therefore Hanschka had given Hewitt a LOMA Letter of Map Approval application form to deliver to O'Connor. Because this was a new requirement Hewitt told O'Connor that the plaintiffs must extend the time the County had to make a decision if plaintiffs wanted to get the LOMA [Letter of Map Approval] survey worked completed, otherwise plaintiffs" application would expire and they would have to pay all the fines at $3500 per day per lot since the first day of beginning construction of the revetment. Because of this threat, on December 2, 2009, O'Connor signed an extension and agreed to obtain the LOMA [Letter of Map Amendment].

Complaint, p. 9, ¶ 46

[O]n the night of December 2, 2009, at 7:18 pm, Hanschka emailed O'Connor advising him that he had gotten the wrong form from Hewitt, and that O'Connor needed a different, and more complex form. Hanschka provided the form to O'Connor and falsely advised O'Connor that the County was under significant pressure from FEMA [Federal Emergency Management Agency] for the revetment work. Hanschka also stated that the County might find that Firwood Design Group did not have the qualifications to process a LOMA [Letter of Map Amendment] and suggested other companies for O'Connor to use.

Complaint, p. 9, ¶ 46

> On February 16, 2010, Hanschka refused O'Connor's request that he sign the LOMA [Letter of Map Amendment] application as requested by FEMA [Federal Emergency Management Agency]. Because the LOMA [Letter of Map Amendment] could not be processed without the acknowledgment, Hanschka's refusal effectively prevented plaintiffs from complying with the requirements imposed upon plaintiffs by defendants in December, 2009, to submit a LOMA [Letter of Map Amendment] application.

Complaint, p. 11, ¶ 53.

> On March 8, 2010, O'Connor again contacted Hanschka and requested unsuccessfully that Hanschka sign the Community Acknowledgment form.

Complaint, p. 11, ¶ 55

> On March 12, 2010 FEMA [Federal Emergency Management Agency] again requested that O'Connor submit a signed Community Acknowledgement form.  Because of Hanschka's refusal to sign this document, plaintiffs were unable to submit it with the LOMA [Letter of Mar Amendment] application.

Complaint, p. 11 - 12, ¶ 56

> On March 30, 2010, O'Connor again asked Hanschka to sign the FEMA [Federal Emergency Management Agency] form so that plaintiffs could complete the LOMA [Letter of Map Amendment] application. Hanschka refused.

Complaint, p. 13, ¶ 59

> Plaintiffs are informed and believe that defendants' requirement that plaintiffs' complete a LOMA [Letter of Map Amendment] application was a sham, and that defendants did not intend to permit plaintiffs to complete the application or obtain approval from FEMA [Federal Emergency Management Agency].

Complaint, p. 13, ¶ 60

These factual allegations in the Complaint fail to link the conduct of Mr. Hanschka to any conduct that would even suggest a violation of rights secured to any of the Plaintiffs by any provision of the U.S. Constitution or federal law. Notwithstanding its breadth, 42 U.S.C. § 1983 does not provide a mechanism for the

redress of state torts, nor are the guarantees provided by the United States Constitution coextensive with the protections provided to citizens by state tort laws. *Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689 (1979).

Indeed it is simply impossible to determine how any of Mr. Hanschka's alleged acts bear any relationship to Claim One, Two or Three of the Plaintiffs' Complaint.

Claim One sets forth the following:

(Fourteenth Amendment – Violation of Substantive and Procedural Due Process)

Defendants actions in denying and delaying permits, issuing citations, conducting hearings and otherwise refusing to permit plaintiffs to conduct legal activities were arbitrary and capricious and in violation of fundamental concepts of due process. Defendants' actions did not substantially advance any governmental purpose.
Complaint, p. 16, ¶ 77

Claim Two sets forth the following:

(Violation of 42 U.S.C. 1983 – First Amendment Retaliation)

As alleged above, defendants retaliated against plaintiffs for exercising First Amendment Rights.
Complaint, p. 17, ¶ 83

Defendants' actions were in violation of Plaintiffs' First Amendment Rights, in particular freedom of speech and the right to petition the government for redress of grievances as applied to the states through the Fourteenth Amendment.
Complaint, p. 17, ¶ 84

Claim Three sets forth the following:

(Violation of 42 U.S.C. 1983 – Fourteenth Amendment – Equal Protection)

Defendants treated plaintiffs differently from other land owners, developers and contractors in violation of the equal protection guaranteed by the Fourteenth Amendment by taking retaliatory action against then as alleged in the Second Claim, by denting and delaying permits to them or their businesses, by issuing numerous non-meritorious citations against them or their businesses, by conducting sham administrative hearings and by issuing illegal orders which were based in fact or law.

Complaint, p. 18, ¶ 90

Defendants' actions were irrational and arbitrary and were motivated by animosity, ill will and vindictiveness against plaintiffs for having exercised their First Amendment Rights, as alleged in the Second Claim.

Complaint, p. 18, ¶ 90 (misnumbered in Complaint)

What the Plaintiffs present as an articulation of their claims for relief are nothing more than labels and conclusions; naked assertions devoid of further factual enhancement; and formulaic recitations of the elements of a cause of action. The Supreme Court has expressly held in *Twombly, supra* and *Iqbal, supra.* that such pleadings fail to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) and warrant the dismissal of such a Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929. . . . .

**[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss**. *Id.* [Twombly], at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief**.'

*Iqbal, supra*, 556 U.S. at 883 - 884.  Emphasis added.

As noted the factual allegations of the Complaint do not even present the mere possibility of misconduct by Mr. Hanschka that is subject to remedy in a suit under 42 U.S.C. § 1983.  Again referencing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan* v. *Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

*Iqbal, supra*, 556 U.S. at  883.

In *Smith v. C.M.F. State Prison,* No. CIV S-10-2562 KJM P, 2010 WL 4817513 (E.D. Cal. 2010) the District Court was called upon to examine the sufficiency of a claim under Fed.R.Civ.P. 12(b)(6).

> **To proceed with a civil rights action, plaintiff must connect named defendants clearly with the claimed denial of his rights**. *Farmer v. Brennan,* 511 U.S. 825, 837, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (official's liability for deliberate indifference requires that official know of and disregard an 'excessive risk'); *Johnson v. Duffy,* 588 F.3d 740, 743-44 (9th Cir.1978) (discussing 'requisite causal connection' in section 1983 cases between named defendant and claimed injury).  **The complaint does not connect [Steve Hanschka] with the claimed violation of rights**. **Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory**. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

2010 WL 4817513 at *2.  Emphasis added.

Based upon the above authorities, Steve Hanschka moves for the dismissal of the Plaintiffs' Complaint against him. As to Steve Hanschka the Complaint is, in all aspects, "unreasonable, frivolous, meritless or vexatious" such that Steve Hanschka is entitled, under 42 U.S.C. § 1988(b), to an award of the attorneys' fees incurred in the defense of this portion of the Plaintiffs' lawsuit. *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

Further, Steve Hanschka asks that this Court exercise its discretion and refuse to grant the Plaintiffs leave to amend their Complaint as to him.

> Normally, when a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. *Id.*

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011).

7) **The failure of the Plaintiffs to comply with the pleading standards of Fed.R.Civ.P 8(a)(2), as well as the applicable statute of limitations, requires the dismissal of Kim Benthin, one of the individual County defendants in this case, pursuant to Fed.R.Civ.P 12(b)6)**.

On October 27, 2011, the Complaint in this matter was filed in the U.S. District Court for the District of Oregon. In Claims One, Two and Three of the Complaint the Plaintiffs assert an entitlement to recovery from Kim Benthin under 42 U.S.C. § 1983. The statute of limitations for Oregon actions brought under 42

U.S.C. § 1983 is two years.  *Plumeau v. Sch. Dist. # 40 County of Yamhill,* 130 F.3d

432, 438 (9th Cir.1997).  All acts occurring prior to October 27, 2009, are outside of

the statute of limitations and not subject to recovery under 42 U.S.C. § 1983.

As to Ms. Benthin, the Plaintiffs set forth the following facts and events

occurring outside the statute of limitations upon which they base their claims for

recovery under 42 U.S.C. § 1983:

> On July 20, 2009, defendant Benthin, notified Lifestyle
> Ventures, LLC [a nonparty] that the revetment work was a potential
> violation of the Clackamas County Code.  Benthin requested that
> complete Flood Plain [sic] Development Permit ("FDP") and PRCA
> [Principal River Conservation Area] permits be submitted by Aug 20,
> 2009.

Complaint, p. 6, ¶ 31

> On July 22, 2009, without permission of the plaintiffs,
> Clackamas County employees trespassed upon lots 4200 – 4400 [lots
> 4200 and 4300 are owned by a nonparty, Lifestyle Ventures, LLC.
> Complaint, p. 4, ¶ 23] and took pictures of the property.

Complaint, p. 6, ¶ 32

> On July 30, 2009, Benthin sent letters to Lifestyle [Ventures,
> LLC a nonparty] and Lisa Konell which stated that O'Connor had
> violated the County Code by construction of the revetment, demanded
> that the FDP [Flood plain Development Plan] and PRCA [Principal
> River Conservation Area] permits be completed by August 20, 2009,
> and threatened legal action and civil penalties of $3500 per day.

Complaint, p. 6, ¶ 34

> On or about September 9, 2009, Benthin notified Mr. O'Connor
> and Konell that they were illegally operating a construction business

Complaint, p. 7, ¶ 40

Further, the Plaintiffs' claims that reference facts and events occurring

within the applicable statute of limitations are to be dismissed under Fed.R.Civ.P.

12(b)(6) as a consequence the Plaintiffs failure to comply with the essential and

most basic pleading requirements when recovery is sought from a state actor or an

individual acting under color of law pursuant to 42 U.S.C. § 1983.

As set out in the Plaintiffs' Complaint the remaining factual allegations as to

the conduct of Kim Benthin, which the Plaintiffs assert constitute a cognizable

claim under 42 U.S.C. § 1983, are as follows:

> On October 27, 2009, Benthin, mailed two citations to Lifestyle
> Ventures, [LLC a nonparty] for properties [it owned, Lots 4200 and
> 4300] and one to Konell for property [she owned, lot 4400], for failure
> to complete the application for the FDP [Floodplain Development
> Plan]. The citation imposed forfeitures of $100 and threatened
> penalties of $3500 for each property.  As noted above, on that date, the
> statutory deadline to complete the application was February 13, 2010.

Complaint, p. 7, ¶ 42.

> A Floodplain Development Plan permit has not been obtained
> for work done on the lots owned by Lifestyle Ventures, LLC.  Or Lisa
> Konell.

Complaint, pp. 13 – 14, ¶ 63

> On November 25, 2009, Benthin contacted Firwood Design
> Group to discuss topographical and site conditions at lots 4200 – 4400.
> [Lots 4200 and 4300 are owned by Lifestyle Ventures, LLC, a
> nonparty.  Complaint, p. 4, ¶ 23]  Firwood advised Benthin that
> plaintiffs have [sic] met BFE [Base Flood Elevation] requirements.

Complaint, p. 8, ¶ 45

> On February 3, 2020, and in spite of O'Connor's signing the
> extension of time to complete the applications, the payment of the $100
> forfeiture fees, which is for the expressed purpose of avoiding
> additional fines, the statuary [sic] 180 day time period to complete the
> permit and the fact that Clackamas County FDP [Floodplain
> Development Plan] regulations did not require an FDP [Floodplain
> Development Plan] prior to performing Emergency Work, Benthin
> requested a code violation hearing with substantial fines based on the
> failure of O'Connor to complete the application by October 26, 2011,
> and for performing Emergency Work without an FDP [Floodplain
> Development Plan].

Complaint, p. 10, ¶ 50

On February 12, 2010, Lifestyle Ventures [LLC a nonparty] requested that the hearing on the code violation be set over due to the extension on the application and until the processing of the LOMA [Letter of Map Amendment] application had been completed. Benthin opposed this extension . . . "

Complaint, p. 11, ¶ 52.

On February 23, 2010, the Code violation hearing was held. The issue, as stated in the Notice, was the failure of plaintiffs to submit land use applications. Evidence at the hearing indicated that the applications had been submitted and were complete. Benthin falsely testified at the hearing that O'Connor had over 13 similar code violations for illegal work on the river. The hearing was recorded by audio equipment pursuant to County Code Ordinances.

Complaint, p. 11, ¶ 54

On March 30, 2010, Benthin, based on a complaint filed by Don Mench and the CPO, served Lifestyle [Ventures, LLC a nonparty] two separate code violations for the two homes owned by Lifestyle [Ventures, LLC a nonparty] directly don river from Lots 4200 – 4400. These homes were built by Big Mountain.

Complaint, p. 13, ¶ 61

Plaintiffs are informed and believe that the audio record of the hearing of February 23 has been completely lost or destroyed by defendants.

Complaint, p. 14, ¶ 67

Thereafter [subsequent to March 17, 2010] and in violation of County Ordinances, County Hearings Officer Rules and the terms of the standing order, Benthin manipulated the hearings records further to violate and prevent O'Connor to seek redress from the circuit court.

Complaint, p. 12, ¶ 57

On December 14, 2010, Benthin issued a code violation to O'Connor and Konell that they were using residential property for commercial purposes. Benthin had no meritorious basis to issue the notice of the violations.

Complaint, p. 14, ¶ 68

On December 22, 2010, and March 9, 2011, Benthin, issued code violations to Fred Accuardi for his subdivision which Big Mountain had developed. Benthin had no meritorious basis to issue the notice of these violations.

Complaint, p. 15, ¶ 69

There is no allegation that any structure in Fred Accuardi's subdivision is located on any of the lots referenced in the Complaint. Complaint, *passim*

There is no allegation that any structure in Fred Accuardi's subdivision is owned by any of the plaintiffs in this action. Complaint, *passim*

On March 22 2011, Benthin, issued a code violation to O'Connor and Konell for unlawful business activities at a residential site. There is no basis for this code violation. Plaintiffs are informed and believe that the code violation was issued after, and because of, O'Connor's questioning of Benthin about the above two alleged code violations. Complaint, p. 15, ¶ 71

In or about September, 2011, Benthin, issued a notice of possible code violations to individuals identified as Terry and George Skorich for their failure to obtain a Principal River Conservation Area permit. Complaint, p. 15, ¶ 73

There is no allegation that either Terry or George Skorich has any legal interest in any of the lots referenced in the Complaint. Complaint, *passim*

The plaintiff Big Mountain Co. performed the work on the referenced property that may have been in violation of the Clackamas County Code. Complaint, p. 15, ¶ 73.

These factual allegations in the Complaint fail to link the conduct of Ms. Benthin to any conduct that would even suggest a violation of rights secured to any of the Plaintiffs by any provision of the U.S. Constitution or federal law. Notwithstanding its breadth, 42 U.S.C. § 1983 does not provide a mechanism for the redress of state torts, nor are the guarantees provided by the United States

Constitution coextensive with the protections provided to citizens by state tort laws.

*Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689 (1979).

The factual allegations of the Complaint do not even present the mere possibility of misconduct by Ms. Benthin that is subject to remedy in a suit under 42 U.S.C. § 1983.  Again referencing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, **the pleading standard Rule 8 announces** does not require "detailed factual allegations," but it **demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation**. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan* v. *Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

*Iqbal, supra*, 556 U.S. at  883.

Indeed it is simply impossible to determine how any of Ms. Benthin's alleged acts bear any relationship to Claim One, Two or Three of the Plaintiffs' Complaint.

Claim One sets forth the following:

(Fourteenth Amendment – Violation of Substantive and Procedural Due Process)

Defendants actions in denying and delaying permits, issuing citations, conducting hearings and otherwise refusing to permit plaintiffs to conduct legal activities were arbitrary and capricious and in violation of fundamental concepts of due process.  Defendants' actions did not substantially advance any governmental purpose.
Complaint, p. 16, ¶ 77

Claim Two sets forth the following:

(Violation of 42 U.S.C. 1983 – First Amendment Retaliation)

As alleged above, defendants retaliated against plaintiffs for exercising First Amendment Rights.
Complaint, p. 17, ¶ 83

Defendants' actions were in violation of Plaintiffs' First Amendment Rights, in particular freedom of speech and the right to petition the government for redress of grievances as applied to the states through the Fourteenth Amendment.
Complaint, p. 17, ¶ 84

Claim Three sets forth the following:

(Violation of 42 U.S.C. 1983 – Fourteenth Amendment – Equal Protection)

Defendants treated plaintiffs differently from other land owners, developers and contractors in violation of the equal protection guaranteed by the Fourteenth Amendment by taking retaliatory action against then as alleged in the Second Claim, by denting and delaying permits to them or their businesses, by issuing numerous non-meritorious citations against them or their businesses, by conducting sham administrative hearings and by issuing illegal orders which were based in fact or law.
Complaint, p. 18, ¶ 90

Defendants' actions were irrational and arbitrary and were motivated by animosity, ill will and vindictiveness against plaintiffs for having exercised their First Amendment Rights, as alleged in the Second Claim.
Complaint, p. 18, ¶ 90 (misnumbered in Complaint)

Further, what the Plaintiffs present as an articulation of their claims for relief are nothing more than labels and conclusions; naked assertions devoid of further factual enhancement; and formulaic recitations of the elements of a cause of action. The Supreme Court has expressly held in *Twombly, supra* and *Iqbal, supra*.

that such pleadings fail to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) and

warrant the dismissal of such a Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  . . . .
>
> **[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss**.  *Id.* [Twombly], at 556, 127 S.Ct. 1955.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d at 157-158.  But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief**.'

*Iqbal, supra*, 556 U.S. at 883 - 884.  Emphasis added.

In *Smith v. C.M.F. State Prison,* No. CIV S-10-2562 KJM P, 2010 WL

4817513 (E.D. Cal. 2010) the District Court was called upon to examine the

sufficiency of a claim under Fed.R.Civ.P. 12(b)(6).

> **To proceed with a civil rights action, plaintiff must connect named defendants clearly with the claimed denial of his rights**. *Farmer v. Brennan,* 511 U.S. 825, 837, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (official's liability for deliberate indifference requires that official know of and disregard an 'excessive risk'); *Johnson v. Duffy,* 588 F.3d 740, 743-44 (9th Cir.1978) (discussing 'requisite causal connection' in section 1983 cases between named defendant and claimed injury).  **The complaint does not connect [Kim Benthin] with the claimed violation of rights**.  **Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory**. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

2010 WL 4817513 at *2.  Emphasis added.

Based upon the above authorities, Kim Benthin moves for the dismissal of the Plaintiffs' Complaint against her.  As to Kim Benthin the Complaint is, in all aspects, "unreasonable, frivolous, meritless or vexatious" such that Kim Benthin is entitled, under 42 U.S.C. § 1988(b), to an award of the attorneys' fees incurred in the defense of this portion of the Plaintiffs' lawsuit.  *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied,* 513 U.S. 1000, 115 S.Ct. 510 (1994).

Further, Kim Benthin asks that this Court exercise its discretion and refuse to grant the Plaintiffs leave to amend their Complaint as to her.

> Normally, when a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039 (9th Cir. 2002). However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987)). Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay.  *Id.*

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011).

8) **Claim One of the Plaintiffs' Complaint fails to set forth either a cognizable substantive due process or procedural due process claim under the Fourteenth Amendment and is to be dismissed in its entirety**.

A review of the Plaintiffs' Complaint reveals the following factual assertions which appear to be in support of Claim One of the Plaintiffs' Complaint:

> On August 11, 2009, Mr. O'Connor submitted a Floodplain Development Plan and a plan for development within a Principal River Conservation Area to Clackamas County.

Complaint, p. 6, ¶ 35

On January 12, 2010, Mr. O'Connor's plan for development within a Principal River Conservation Area was approved, contingent upon completion of the Floodplain Development Plan.

Complaint, p. 10, ¶ 49

On May 19, 2010, Mr. O'Connor received Clackamas County's denial of his Floodplain Development Plan.  Mr. O'Connor asserts that the decision was based upon fabricated and inaccurate information.

Complaint, pp. 13 – 14, ¶ 63

In Claim One of their Complaint the Plaintiffs seek redress for the decisions of Clackamas County regarding Mr. O'Connor's Floodplain Development Plan. Claim One sets forth the following:

(Fourteenth Amendment – Violation of Substantive and Procedural Due Process)

Defendants actions in denying and delaying permits, issuing citations, conducting hearings and otherwise refusing to permit plaintiffs to conduct legal activities were arbitrary and capricious and in violation of fundamental concepts of due process.   Defendants' actions did not substantially advance any governmental purpose.

Complaint, p. 16, ¶ 77

At the time relevant to the referenced application, review and denial of the Floodplain Development Plan the procedures for such actions were provided for in the Clackamas County Zoning and Development Ordinance.   Although the Clackamas County Zoning and Development Ordinance sets forth certain necessary conditions for what must be included in an application for a Floodplain Development Permit, Section 703.09 A, the approval of a Floodplain Development Plan was and is discretionary, Section 703.09 C:

Approval Criteria: The Planning Director **may approve an FDP** [Floodplain Development Plan], pursuant to Subsection 1305.02, if the applicant provides evidence substantiating the following:

1. All necessary permits have been obtained from those federal, state, or local governmental agencies from which prior approval is required.

2. If the proposed development is in the floodway, the standards of Subsection 703.07 have been met.

3. If the proposed development includes alteration of a watercourse, maintenance will be provided within the altered or relocated portion of said watercourse so that the flood carrying capacity is not diminished.

4. The proposed development will comply with the applicable provisions of Subsections 703.10 and 703.11.

As relevant here the above referenced Section 1305.02 provides as follows:

1305.02 PLANNING DIRECTOR REVIEW

A. Administrative actions that require Planning Director review shall be subject to the following provisions. However, an applicant for an administrative action that is subject to Planning Director review may request that such administrative action be heard directly by the Hearings Officer pursuant to Sections 1301 through 1304.

E. The Planning Director **may approve** the application as submitted, **approve the application with condition**s**, or deny** the application. The Planning Director shall prepare written findings justifying the decision

Subsection G provides for appeals of an adverse decision

As discussed below, in light of the discretion vested in the Planning Director as to the approval or disapproval of a Flood Plan Development Plan, the Plaintiffs fail to state a claim that they have been deprived of either substantive or procedural due process as provided for by the Fourteenth Amendment.  Claim One is to be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

In *City of Cuyahoga Falls, Ohio, et ail v. Buckeye Community Hope Foundation, et al.,* 538 U.S. 188, 123 S. Ct. 1389 (2003) the United States Supreme Court explored claims involving allegations that in violation of the Fourteenth

Amendment's due process clause a proposed low-income housing development had been rejected by the voters of Cuyahoga Falls. The Court rejected the petitioners' claims. In a concurring opinion Justice Scalia, joined by Justice Thomas set forth the following succinct analysis of the issues present when it is asserted that a party has been denied either substantive or procedural process. Because the claim brought by the Plaintiffs here asserts such violations within the context of a local government's permitting policies Justice Scalia's concurring opinion is particularly instructive here:

> I write separately to observe that, *even if* there had been arbitrary government conduct, that would not have established the substantive-due-process violation that respondents claim.
>
> It would be absurd to think that all "arbitrary and capricious" government action violates substantive due process -- even, for example, the arbitrary and capricious cancellation of a public employee's parking privileges. The judicially created substantive component of the Due Process Clause protects, we have said, certain "fundamental liberty interests" from deprivation by the government, unless the infringement is narrowly tailored to serve a compelling state interest. *Washington* v. *Glucksberg*, 521 U.S. 702, 721, 138 L. Ed. 2d 772, 117 S. Ct. 2258, 117 S. Ct. 2302 (1997). Freedom from delay in receiving a building permit is not among these "fundamental liberty interests." To the contrary, the Takings Clause allows government *confiscation* of private property so long as it is taken for a public use and just compensation is paid; mere *regulation* of land use need not be "narrowly tailored" to effectuate a "compelling state interest." Those who claim "arbitrary" deprivations of nonfundamental liberty interests must look to the Equal Protection Clause, and *Graham* v. *Connor*, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989), precludes the use of "'substantive due process'" analysis when a more specific constitutional provision governs.
>
> As for respondents' assertion that referendums may not be used to decide whether low-income housing may be built on their land: that

is not a substantive-due-process claim, but rather a challenge to the *procedures* by which respondents were deprived of their alleged liberty interest in building on their land.   There is nothing procedurally defective about conditioning the right to build low-income housing on the outcome of a popular referendum, cf. *James* v. *Valtierra*, 402 U.S. 137, 28 L. Ed. 2d 678, 91 S. Ct. 1331 (1971), and the delay in issuing the permit was prescribed by a duly enacted provision of the Cuyahoga Falls City Charter (Art. 9, § 2), which surely constitutes "due process of law," see *Connecticut Dept. of Public Safety* v. *Doe*, *ante*, p.   (SCALIA, J., concurring).

With these observations, I join the Court's opinion.

*Buckeye Community Hope Foundation*, *supra*, 538 U.S. at 200 – 201.

To establish a violation of substantive due process, a plaintiff must first establish the existence of a constitutionally-protected property or liberty interest. Thus, before the Plaintiffs can establish a violation of substantive due process they must demonstrate that they had a property interest in the development of the tax lots at issue here.   To do this, the Plaintiffs must set forth in their pleadings facts supporting a claim that Clackamas County, acting through its Planning Department and Director did not have the discretion to deny the Plaintiffs the development of the tax lots at issue here if they complied with certain minimum, mandatory requirements.   However, if Clackamas County, acting through its Planning Department and Director had the discretion to deny the Plaintiffs' Floodplain Development Plan even if they complied with certain minimum, mandatory requirements, then the Plaintiffs would not have a "legitimate claim of entitlement" or a "justifiable expectation" in the approval of the Floodplain Development Plan.   That being the case the Plaintiffs, therefore, would have no property right.

Thus in *Gerhart v. Lake County Montana*, 637 F.3d 1013 (9th Cir 2011) cert denied *Gerhart v. Lake County,* 181 L. Ed. 2d 143, 2011 U.S. Lexis 5784 (2011) the Ninth Circuit held as follows:

> we have held that state law creates a "legitimate claim of entitlement" when it "imposes significant limitations on the discretion of the decision maker." *Braswell*, 622 F.3d at 1102 (internal quotation marks and alterations omitted). For example, we have held that such an entitlement to a government permit exists when a state law or regulation requires that the permit be issued once certain requirements are satisfied. *See, e.g., Groten*, 251 F.3d at 850 (holding that a protected property right to a license existed where both federal and state law entitled the applicant to a license whenever certain statutory requirements were met); *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988) (holding that a builder had a property interest in a building permit where city regulations provided that once an applicant met certain requirements, a permit must be issued).
>
> Here, Montana law does not impose any limitations on the Commissioners' discretion to permit approaches to county roads. Instead, Montana Code Annotated section 7-14-2102 simply provides, "[e]ach board of county commissioners may in its discretion do whatever may be necessary for the best interest of the county roads and the road districts." Clearly, state law does not constrain the Commissioners' discretion to grant or deny approach permit applications.

*Gerhart*, *supra,* 637 F.3d at 1019 – 1020.

The Ninth Circuit's opinion in *Doyle v. City of Medford*, 606 F.3d 667, 673 (9TH Cir  2010) is to the same effect:

> "Only if the governing statute compels a result upon compliance with certain criteria, *none of which involve[s] the exercise of discretion by the reviewing body*, does it create a constitutionally protected property interest." *Shanks*, 540 F.3d at 1091 (internal quotation marks omitted) (emphasis added). Thus, a statute does not create a property right if it allows the decision-making body discretion to add an additional

criterion, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1165-66 (9th Cir. 2005), or to define its own criteria, *Shanks*, 540 F.3d at 1091.

*Doyle*, supra,  606 F.3d at  675.

Moreover, the absence of a property right in the approval of the Floodplain Development Plan serves to defeat the Plaintiffs' claim that they have suffered a violation of their rights to procedural due process.

> Klamath also asserts a procedural due process claim based upon three grounds: first, that City Council meetings on the subject of its vacation application were held in secret; second, that the decisionmakers had a pecuniary interest in the well sites; and third, that there were no standards articulated in advance to guide the City in its decision on the application. Before Klamath can prevail on these claims, however, it must demonstrate the threshold requirement of a constitutionally cognizable right. Because the requirements of procedural due process apply only to the deprivation of interests encompassed by the fourteenth amendment's protection of liberty and property, *Board of Regents v. Roth,* 408 U.S. 564, 569, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972), we must determine whether Klamath, as a vacation petitioner, had such an interest protected by the due process clause. No liberty interest is claimed. A property interest in a benefit protected by the due process clause results from a "legitimate claim of entitlement" created and defined by an independent source, such as state or federal law. *Id.* at 577; *Bishop v. Wood,* 426 U.S. 341, 344 & n.7, 48 L. Ed. 2d 684, 96 S. Ct. 2074 (1976).

*Parks v. Watson,* 716 F.2d 646, 655 – 656 (9th Cir. 1982)

Here the applicable provisions of the Clackamas County Zoning and Development Ordinance confer the Planning Director with discretion as to the approval of Floodplain Development Plans.  Under settled law,, the Plaintiffs have neither a substantive nor a procedural due process claim.  Their claim is to be dismissed under Fed.R.Civ.P. 12(b)(6).  Moreover, this Court should exercise its discretion and refuse to grant the Plaintiffs leave to amend their Complaint

Normally, when a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. *Id.*

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 -

1059 (9th Cir. 2011).  Any amendment here would be futile.

### 9) <u>Claim Two of the Plaintiffs' Complaint fails to set forth a cognizable retaliation claim under the First Amendment and is to be dismissed in its entirety</u>.

A review of the Plaintiffs' Complaint reveals the following factual assertions

which appear to be in support of Claim Two of the Plaintiffs' Complaint:

> On Nov 14, 2009, O'Connor testified as an expert witness in a civil action in Circuit Court in Clackamas County.  O'Connor testified that Clackamas County is inefficient in taking care of the flooding problems and had allowed an improper revetment structure to be constructed on the Sandy River which caused Jim and Amy Monroe to lose their home.  Subsequently, O'Connor began writing news articles documenting and criticizing Clackamas County's poor management, lack of common sense, violation of Flood Plain laws and ordinances, and an inadequate understanding of the flooding problems in the Mt. Hood area and how to properly address them.

Complaint, p. 8, ¶ 44

> On December 22, 2010, and March 9, 2011, [Ms.] Benthin issued code violations to Fred Accuardi for his subdivision which Big Mountain had developed.  [Ms.] Benthin had no meritorious basis to issue the notice of these violations.

Complaint, p. 15, ¶ 69

> On March 22, 2011, O'Connor met with County building officials who agreed there was no violation at Fred Accuardi's subdivision, and they forwarded [Ms.] Benthin written notice of this fact at that time. Notwithstanding this information, Benthin scheduled Mr. Accuardi's

complaint for a hearing wherein she is seeking substantial fines from Big Mountain and O'Connor.

Complaint, p. 15, ¶ 70

On March 22, 2011, [Ms.] Benthin issued a code violation to O'Connor and Konell for unlawful business activities at a residential site. There is no basis for this code violation. Plaintiffs are informed and believe that the code violation was issued after, and because of, O'Connor's questioning of [Ms.] Benthin about the above two alleged code violations.

Complaint, p. 15, ¶ 71

Claim Two sets forth following:

(Violation of 42 U.S.C. 1983 – First Amendment Retaliation)

As alleged above, defendants retaliated against plaintiffs for exercising First Amendment Rights.

Complaint, p. 17, ¶ 83

Defendants' actions were in violation of Plaintiffs' First Amendment Rights, in particular freedom of speech and the right to petition the government for redress of grievances as applied to the states through the Fourteenth Amendment.

Complaint, p. 17, ¶ 84

In assessing the sufficiency of the Plaintiffs' pleading under Fed.R.Civ.P.

12(b)(6) Clackamas County and the individual County defendants again direct this

Court's attention to *Twombly, supra* and *Iqbal, supra*. As held in *Iqbal, supra*:

**[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss**. *Id.* [Twombly], at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief**.'

*Iqbal,* 556 U.S. at 883 - 884.  Emphasis added.

In *Hightower v. Schwarzenegger,* No. 1:04-cv-06028-OWW-SMS (PC), 2010 WL 3463853 at *8 (E.D. Cal. 2010), emphasis added, the District Court stated as follows:

> **To survive a motion to dismiss, [and thus also to state a cognizable] [sic] a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face**.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . **The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully**. **Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief**.' " *Iqbal,* 129 S.Ct. at 1949 (citations omitted).

Here the Plaintiffs' claim of retaliation never advances beyond the mere possibility of misconduct. Indeed as to Complaint, p. 8, ¶ 44, discussing Mr. O'Connor's exercise of his speech rights, there are not even any facts alleged that anyone in a position to retaliate against Mr. O'Connor heard or read his remarks.

Further, as to the Plaintiffs' claim that retaliation explains the code violation issued by Kim Benthin on March 22, 2011, asserting that Mr. O'Connor and Ms. Konell were operating an unlawful business at a residential site, Complaint p. 15, ¶71, this is the same conduct for which Kim Benthin issued a code violation to Mr. O'Connor and Ms. Konell on December 14, 2010, Complaint, p. 14, ¶ 68, well before Mr. O'Connor questioned Ms. Benthin about the code violations she issued on December 22, 2010 and March 9, 2011. Complaint p. 15, ¶ 69. That being the case, the Plaintiffs'' claim of retaliation moves from implausible to unfounded.

Claim Two and its related allegations stop well short of the line between possibility and a plausible showing of an entitlement to relief. That being the case, Claim Two of the Plaintiffs' Complaint is to be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Further, in this instance this Court should exercise its discretion and refuse to allow an amendment of the Complaint "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.' " *Twombly, supra,* 550 U.S. at 558.

**10)**       **Claim Three of the Plaintiffs' Complaint fails to set forth a cognizable "class of one" equal protection claim under the Fourteenth Amendment and is to be dismissed in its entirety**.

A review of the Plaintiffs' Complaint fails to reveal which of the Plaintiffs' factual assertions are meant to support Claim Three of the Plaintiffs' Complaint. Rather, the Plaintiffs have eschewed the presentation of factual allegations and relied upon naked assertions. In presenting his class of one equal protection argument Mr. O'Connor fails to point to a single instance persons similarly situated in all relevant respects' were treated differently. Rather Mr. O'Connor sets forth his claim as follows:

> (Violation of 42 U.S.C. 1983 – Fourteenth Amendment – Equal
> Protection)
>
> Defendants treated plaintiffs differently from other land owners,
> developers and contractors in violation of the equal protection
> guaranteed by the Fourteenth Amendment by taking retaliatory action
> against then as alleged in the Second Claim, by denting and delaying
> permits to them or their businesses, by issuing numerous non-

meritorious citations against them or their businesses, by conducting
sham administrative hearings and by issuing illegal orders which were
based in fact or law.
Complaint, p. 18, ¶ 90

Defendants' actions were irrational and arbitrary and were motivated
by animosity, ill will and vindictiveness against plaintiffs for having
exercised their First Amendment Rights, as alleged in the Second
Claim.
Complaint, p. 18, ¶ 90 (misnumbered in Complaint)

Although the United States Supreme Court has recognized the propriety of
"class of one" equal protection claims, "where the plaintiff alleges that [he] has been
intentionally treated differently from others similarly situated and that there is no
rational basis for the difference in treatment", *Village of Willowbrook* v. *Olech*, 528
U.S. 562, 564, 120 S. Ct. 1073 (2000), the viability of such a claim depends upon a
showing that the plaintiff was intentionally treated differently than others
*similarly situated*.   Here there is no claim or evidence of any specific instances
involving *similarly situated* individuals -- that is, individuals who similar to Mr.
O'Connor, who were treated differently than Mr. O'Connor.

In order to claim a violation of equal protection in a class of one case,
the plaintiff must establish that the City intentionally, and without
rational basis, treated the plaintiff differently from others similarly
situated. *See id.; accord Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d
936, 944 (9th Cir. 2004), *overruled on other grounds, Action Apt. Ass'n
v. Santa Monica Rent Control Opinion Bd.*, 509 F.3d 1020, 1025 (9th
Cir. 2007).   A class of one plaintiff must show that the discriminatory
treatment "was intentionally directed just at him, as opposed . . . to
being an accident or a random act." *Jackson v. Burke*, 256 F.3d 93, 96
(2d Cir. 2001).

*N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (2008)

The necessity of Mr. O'Connor distinguishing himself and his treatment from other *similarly situated* individuals, is made clear by reference to *Ruff v. County of Kings,* No. CV-F-05-631 OWW/GSA, 2008 U.S. Dist. LEXIS 82659 (ED Cal. Sept. 17, 2008).   A plaintiff claiming an equal protection violation must "identify and relate specific instances where persons similarly situated 'in all relevant respects' were treated differently, . . . instances which have the capacity to demonstrate that [plaintiff was] 'singled . . . out for unlawful oppression.' . . ." *Ruff, supra,* 2008 U.S. Dist. LEXIS 82659, * 77 (ED Cal. Sept. 17, 2008) quoting *Dartmouth Review* v. *Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989), *overruled on other grounds by Educadores Puertorriqueos en Accion* v. *Hernandez*, 367 F.3d 61 (1st Cir. 2004).

Moreover, the sufficiency of a Plaintiff's class of one equal protection claim is appropriately addressed as a pleading matter.  See: *Simon v. City of Phoenix,* 436 Fed. Appx. 756, 2011 U.S. App. LEXIS 11653 (9th Cir. May 24, 2011) affirming the dismissal of a plaintiff's class of one equal protection claim pursuant to Fed.R.Civ.P. 12(b)(6).

As set out above, numerous times, the controlling law as to the sufficiency of pleadings under Fed.R.Civ.P. 8(a)(2) and Fed.R.Civ.P. 12(b)(6) is as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan* v. *American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), **a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do,** see *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right

to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) **("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact),** see, *e.g., Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); . . .

*Twombly, supra,* 550 U.S. at 555.  Emphasis added.  Footnote omitted.

The Plaintiffs' class of one equal protection claim fails to satisfy the above legal requirements.  It is to be dismissed under Fed.R.Civ.P. 12(b)(6).  It is to be noted that in affirming the value of dismissal under Fed.R.Civ.P. 12(b)(6) when a court is faced with a pleading that fails to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) the *Twombly* Court offered the following:

We alluded to the practical significance of the Rule 8 entitlement requirement in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005), when **we explained that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"**  *Id.*, at 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (quoting *Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 741, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975)).  So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, **"this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"** 5 Wright & Miller § 1216, at 233-234  (quoting *Daves* v. *Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (Haw. 1953)); . . .

*Twombly, supra,* 550 U.S. at 557 – 558.  Emphasis added.

In this instance this Court should exercise its discretion and refuse to allow an amendment of the Complaint "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people,

with the right to do so representing an *in terrorem* increment of the settlement value.' " *Twombly, supra,* 550 U.S. at 558.

**11)** **Kip O'Connor is to be removed from the Complaint as a party Plaintiff in that he is not the real party in interest as to any of the properties that are asserted to have suffered injury**.

To state a claim under 42 U.S.C. § 1983, a plaintiff must satisfy two elements; he must allege violation of rights secured by the Constitution and laws of the United States, and he must show a person acting under color of law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988).  Mr. O'Connor has failed to do so.

The subject of this Complaint is the degree to which, and under what conditions, lots 4200, 4300 or 4400 of the Liberty Lodge Subdivision may be developed.  The following facts relevant to these lots are drawn from the Complaint:

> At all times material to the Complaint neither Kip O'Connor nor Big Mountain Co., plaintiffs herein, owned lots 4200, 4300 or 4400 Liberty Lodge Subdivision.

Complaint p 4 ¶ 23

> At all times material to the Complaint two of the lots, 4200 and 4300 Liberty Lodge Subdivision were not owned by any of the plaintiffs and were owned by an entity other than the plaintiffs.

Complaint, p. 4, ¶ 23.

> At all times material to the Complaint lots 4200 and 4300 were owned by Lifestyle Ventures.

Complaint, p. 4, ¶ 23

> Lifestyle Ventures, LLC is an Oregon limited liability company.

 Complaint, p. 2, ¶2

> At all material times Lot 4400 Liberty Lodge Subdivision was owned by Lisa Konell, a plaintiff herein.

Complaint, p. 4, ¶ 23

> Under Federal Rule of Civil Procedure 17(a), An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).   The real party in interest rule allows a federal court to entertain a suit at the insistence of any party to whom the relevant substantive law grants a cause of action. *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986).   Thus, the real party in interest is the person who has the right to sue under the substantive law, rather than others who may merely be interested in or benefit from the litigation.

*Kraft et al v. Arden, et al.*, CV. 07-487-PK, 2008 U.S. Dist. LEXIS 91001, at * 17 – 18 (U.S.D.C. Or. Nov. 7, 2008)

To the degree that any limitations imposed on the development of lots 4200, 4300 or 4400 of Liberty Lodge Subdivision cause cognizable legal injury, the injury is suffered by the owners of the lots.  As to the development rights held by the owners of lots 4200, 4300 or 4400 of Liberty Lodge Subdivision Kip O'Connor is a stranger, he has no basis to assert either the existent of such rights or their impairment by any governmental action.   Mr. O'Connor is simply one who may merely be interested in or benefit from the litigation.  Indeed, it is not without significance that the owner of lots 4200 and 4300 in the Liberty Lodge Subdivision, Lifestyle Ventures, LLC is not a party to this lawsuit.

# CONCLUSION

Based upon the arguments and authorities set forth above, Clackamas County and the individual County Defendants ask that this Court enter its ORDER:

1) Granting the Motion to Dismiss filed on behalf of Clackamas County and the individual County Defendants;

2) Dismissing with prejudice each of the claims presented against Clackamas County and the individual County Defendants;

3) Awarding Clackamas County and the individual County Defendants those attorney's fees to which it is entitled under 42 U.S.C. § 1988(b) in the defense of Claims One, Two and Three as set forth in the Plaintiffs' Complaint;

4) Awarding Clackamas County and the individual County Defendants those costs and reimbursements to which it is entitled as the prevailing party; and

5) Granting Clackamas County and the individual County Defendants such further relief as is just.

Respectfully submitted this 24th day of January, 2012.

CLACKAMAS COUNTY COUNSEL

_____

Stephen L. Madkour, OSB No. 941091
County Counsel ,Clackamas County, Oregon
/s/ Alexander Gordon
Alexander Gordon, OSB No. 822671
E-mail: agordon@co.clackamas.or.us
OF ATTORNEYS FOR DEFENDANT CLACKAMAS COUNTY AND THE
INDIVIDUAL COUNTY DEFENDANTS.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) AND THE OREGON TORT CLAIMS ACT FILED ON BEHALF OF CLACKAMAS COUNTY, MICHAEL MCCALLISTER, GARY HEWITT, STEVE HANSCHKA, AND KIM BENTHIN on:

Mark E. Griffin
Griffin & McCandlish
1631 NE Broadway, #721
Portland, Oregon 97232

    and

Daniel J. Rohlf
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, Oregon 97219-7768

    [X]    by **MAILING** a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Portland, Oregon, on the date set forth below;

    []    by **EMAILING** a full, true and correct copy thereof to the party, at the email address shown above, which is the last-known email address for the party's office, on the date set forth below.

    []    by **FAXING** a full, true and correct copy thereof to the party, at the fax number shown above, which is the last-known fax number for the party's office, on the date set forth below.

Dated this 24th day of January, 2012.

                    CLACKAMAS COUNTY COUNSEL


                    /s/ Anja Mundy
                    Anja Mundy, Legal Assistant

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397

1