Stephen L. Madkour,  OSB No. 941091
County Counsel
Scott C. Ciecko, OSB No. 045587
Assistant County Counsel
Alexander Gordon, OSB No. 822671
Assistant County Counsel
Clackamas County, Oregon
2051 Kaen Road
Oregon City, OR  97045-1819
Telephone: 503-655-8362
Fax: 503-742-5397
Email: smadkour@co.clackamas.or.us
sciecko@co.clackamas.or.us
agordon@co.clackamas.or.us

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| KIP O'CONNOR et al, <br><br>        Plaintiffs, <br><br>        v. <br><br> CLACKAMAS COUNTY et al, <br><br>        Defendants. | Case No. CV 3:11-1297 SI <br><br> COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN <br><br> ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN**

TABLE OF AUTHORITIES.................................................................. ii

SUMMARY OF ARGUMENT............................................................. 1

RELEVANT PORTIONS OF THIS COURT'S OPINION AND ORDER OF
AUGUST 28, 2012 ............................................................................... 4

ARGUMENT...................................................................................... 6

    1)    **Kip O'Connor has willfully defied this Court's Order.  The County Defendants are entitled to a dismissal of the Amended Complaint as provided for in Fed.R.Civ.P. 41(b) or Fed.R.Civ.P. 17(3)**........................... 6

    2)    **Kip O'Connor has willfully defied this Court's Order by restating a state tort claim that this Court has previously dismissed with prejudice. The County Defendants are entitled to a dismissal of the Amended Complaint as provided for in Fed.R.Civ.P. 41(b).** .................................... 16

    3)    **Kip O'Connor's Amended Complaint does not conform to the requirements of Fed.R.Civ.P. 10.  All putative Defendants with the exception of Clackamas County are entitled to this Court's ruling that only the named Defendant is a party defendant.  Likewise, Clackamas County is entitled to this Court's ruling that only the named Plaintiff is a party plaintiff.** ......................................................................... 19

CONCLUSION ................................................................................. 22

CERTIFICATE OF COMPLIANCE .............................................. 23

i

# TABLE OF AUTHORITIES

**Cases**

*American Manufacturers Mutual Insurance Company v. Sullivan*,  526 U.S. 40 (1999)................................................................................................18

*Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)................23

*Bakari v. May,* 2011 U.S. Dist. LEXIS 52415, * 4 (S.D. Ohio May 6, 2011)............19

*Baker v. McCollan,* 443 U.S. 137 (1979) ................................................. 3, 17

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011) .................................................................... 4

*Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004) ...............................15

*Erlich v. Glasner,* 418 F.2d 226, 228 (9th Cir. 1969)..........................................15

*Fox v. Vice*, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011)......................................15, 16

*Hoffman v. Halden*, 268 F.2d 280, 303-304 (9th Cir. 1950) *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962)..........................................19

*Kraft et al v. Arden, et al.*, CV. 07-487-PK, 2008 U.S. Dist. LEXIS 91001, at * 17 – 18 (U.S.D.C. Or. Nov. 7, 2008) .................................................... 6

*Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009)..................................21, 22

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)......................................14

*Saratoga Sav. & Loan Ass'n v. Cirona,* 1991 U.S. App. LEXIS 8620, * 2 (9th Cir May 2, 1991) ................................................................................... 13

*Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994)..................................................................15

*Von Poppenheim v. Portland Boxing & Wrestling Com.,* 442 F.2d 1047, 1049 (9th Cir 1971).................................................................................11, 18

**Statutes**

ORS 63.077 ..........................................................................................13

ORS 63.239..........................................................................................13

42 USC §1983 ............................................................... 2, 3, 15, 17, 22

42 USC §1988(b)........................................................................15, 16, 19

**Rules**

Fed.R.Civ.P. 4(m) ............................................................................20, 21

Fed.R.Civ.P. 10 .................................................................................... 3

Fed.R.Civ.P. 10(b)............................................................................. 4, 20

Fed.R.Civ.P. 17(3)............................................................................. 2, 11

Fed.R.Civ.P. 41(b)...................................................................1, 3, 7, 11, 18

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362     FAX (503) 742-5397

## SUMMARY OF ARGUMENT

On August 28, 2012, this Court issued its Opinion and Order ruling on Motions presented by Clackamas County, Michael McCallister, Steve Hanschka, Gary Hewitt, and Kim Benthin.  The referenced Defendants are collectively referred to here as the County Defendants.  Mr. O'Connor has disregarded this Court's prior Opinion and Order.  The Amended Complaint is to be dismissed.

In a Motion and supporting Memorandum filed with this Court on January 24, 2012, Documents 13 and 14, the County Defendants sought this Court's ruling that Mr. O'Connor, a named Plaintiff, was not the real party in interest and not entitled to maintain the claims presented in the Complaint in his own name.  As relevant here the Court ruled in its OPINION AND ORDER of August 28, 2012, Document 66, that Kip O'Connor was not the real party in interest.  As relevant here **the Court dismissed all of Kip O'Connor's claims**.  "**Mr. O'Connor personally is dismissed as a party plaintiff in this lawsuit pursuant to the County's motion**."  OPINION AND ORDER, Document 66, p. 24.   Emphasis added.

The Plaintiffs were given leave to amend.  Kip O'Connor filed an Amended Complaint within the time provided for by the Court.

In defiance of this Court's Order, the Amended Complaint simply reiterates two of Mr. O'Connor's previously dismissed claims and, again, has presented them

Page 1 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

in his name as personal claims.  The Clackamas County Defendants are entitled to this Court's Order of Dismissal under Fed.R.Civ.P. 41(b).

The real party in interest in this matter has not been made a party Plaintiff. The County Defendants are entitled to this Court's Order of Dismissal under Fed.R.Civ.P. 17(3).

In a Motion and supporting Memorandum filed with this Court on January 24, 2012, Documents 13 and 14, the County Defendants sought this Court's ruling that the Plaintiffs' supplemental state tort claim for intentional interference with the business relationships between Big Mountain and its clients was to be dismissed.  The claim was set out as follows "Defendants intentionally interfered with the business relations of O'Connor and Big Mountain by improper means or for an improper purpose."  Complaint, ¶ 96, Document 1, p. 18.  As relevant here, as to the individually named party Defendants, a group which included Kim Benthin, the Court dismissed the Plaintiffs' supplemental state law claim.  "**[T]he County's motion to dismiss Plaintiff's tort claim of intentional interference against the individual County employees is granted with prejudice**."  OPINION AND ORDER, Document 66, p. 23.  Emphasis added.

The Amended Complaint does not comply with this Court's Order.  The Amended Complaint merely recasts the dismissed supplemental state tort claim as a claim under 42 USC §1983 against Kim Benthin.  The allegation, as contained in the Amended Complaint, is as follows "[Kim Benthin] issued and threatened

Page 2 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

meritless code citations to Big Mountain clients, . . ." Amended Complaint, ¶ 79, Document 68, p. 20. 42 USC §1983 is not a forum for the litigation of state tort claims.

The United States Supreme Court discussed the limited reach of 42 USC §1983 and the independent remedies provided by state tort law for injuries that did not involve the deprivation of rights secured by the Constitution or federal laws, as follows in *Baker v. McCollan,* 443 U.S. 137 (1979):

> **Section 1983** imposes liability for violations of rights protected by the Constitution, **not for violations of duties of care arising out of tort law**. *Id.* at 146. Emphasis added.

Mr. O'Connor has willfully ignored this Court's Order. The Clackamas County Defendants are entitled to this Court's Order of Dismissal under Fed.R.Civ.P. 41(b).

The Clackamas County Defendants are entitled to this Court's Order of Dismissal for want of subject matter jurisdiction. Contrary to the allegations of the Amended Complaint ¶ 79, Document 68, neither Mr. O'Connor nor Big Mountain have standing to seek redress for injuries suffered by clients of Big Mountain, who were purportedly threatened with and received meritless citations.

The Amended Complaint does not conform to the requirements of Fed.R.Civ.P. 10. The Amended Complaint is a continuing exercise in obscurantism. To the degree that any entity other than the named party Defendant, Clackamas County, is a target of the Amended Complaint such targets are unnamed.

Page 3 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

Inasmuch as no other party Defendants are named it is impossible not only to determine their identities but it is also impossible to know if they are targeted in their official or individual capacities.  As for the claims, Fed.R.Civ.P. 10(b) provides: "If doing so would promote clarity, each claim founded upon a separate transaction or occurrence . . . must be stated in a separate count . . ."  The County Defendants are entitled to the dismissal of the Amended Complaint.

The conduct of Kip O'Connor has been in bad faith.  This Court should refuse to allow the filing of a Second Amended Complaint.

> Normally, when a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  However, **"liberality in granting leave to amend is subject to several limitations."** *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).  **Those limitations include** undue prejudice to the opposing party, **bad faith** by the movant, futility, and undue delay.  *Id.*

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 - 1059 (9th Cir. 2011).  Emphasis added.

## RELEVANT PORTIONS OF THIS COURT'S OPINION AND ORDER OF AUGUST 28, 2012

### F. County's Motion to Dismiss Plaintiffs' Tort Claim Against the County Employees

[T]he County argues that Plaintiffs' tort claim may be asserted only against the County and that the individual employees must be dismissed as Defendants on this claim.  Plaintiffs agree.  Pl. Mem. 8.  Accordingly, **the County's motion to dismiss Plaintiff's tort claim of intentional interference against the individual County employees is granted with prejudice**.

Page 4 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

OPINION AND ORDER, Document 66, p. 23.  Emphasis added.

## G.  County's Motion to Dismiss O'Connor as a Named Plaintiff

**The County argues that Plaintiff O'Connor should be removed from the Complaint as a party plaintiff because he is not the real party in interest as to any of the properties that are asserted to have suffered injury**.  County Mem. 51-52.

Rule 17(a)(1) of the Federal Rules of Civil Procedure provides in relevant part: "An action must be prosecuted in the name of the real party in interest."   The rule itself does not define "real party in interest;" instead, "it allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." *U-Haul Int'l, Inc. v. Jartran, Inc.,* 793 F2d 1034, 1038 (9th Cir. 1986).  In addition, "the modern function of the rule . . . is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata."  *Id.* at 1039, quoting Note of Advisory Committee on 1966 Amendment to Fed.R.Civ.P. 17.  In addition, to demonstrate that a plaintiff is the real party in interest, the plaintiff "must allege facts sufficient to reveal that he suffered an injury, that the injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome to the lawsuit."  *Seckler v. Star Enter.,* 124 F.3d 1399, 1406 (11th Cir. 1997).

**Nothing in Plaintiffs' Opposition to Clackamas County's Motion to Dismiss shows how Plaintiff Kip O'Connor personally suffered an injury, is the party actually entitled to recover, or is the party to whom the relevant substantive law grants a cause of action**.   The Complaint alleges that Plaintiff O'Connor is the sole owner of Plaintiff Big Mountain and a minority member in Lifestyle, an Oregon limited liability company that is not a party to this lawsuit.   Complaint ¶¶ 2-4.  The Complaint also alleges that O'Connor purchased the three parcels of the Property that is at issue in this lawsuit in May 2007, and that he "subsequently transferred" two of those lots to Lifestyle and one to Konell, and that "[a]t all material times, Lifestyle Ventures and Konell owned this property."  *Id.* at 23.   Based on these allegations, **it appears that Plaintiff O'Connor's interest in this action is at most indirect**,

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397

as a minority owner of non-party Lifestyle and as the sole owner of Plaintiff Big Mountain.  Because Plaintiff **O'Connor has not alleged facts showing that he personally suffered any injury**, is the party actually entitled to recover, or is the party to whom the relevant substantive law grants a cause of action, **Mr. O'Connor personally is dismissed as a party plaintiff in this lawsuit pursuant to the County's motion.**

OPINION AND ORDER, Document 66, pp. 23-24.  Emphasis added.

## V. CONCLUSION

(d) **Plaintiff O'Connor's claims are dismissed without prejudice**; . . . .  Plaintiffs may file an amended complaint within 30 days from the date of this Opinion and Order.

OPINION AND ORDER, Document 66, p. 31.  Emphasis added.

## ARGUMENT

1) **Kip O'Connor has willfully defied this Court's Order.  The County Defendants are entitled to a dismissal of the Amended Complaint as provided for in Fed.R.Civ.P. 41(b) or Fed.R.Civ.P. 17(3)**.

"[T]he real party in interest is the person who has the right to sue under the substantive law, rather than others who may merely be interested in or benefit from the litigation.

*Kraft et al v. Arden, et al.*, CV. 07-487-PK, 2008 U.S. Dist. LEXIS 91001, at * 17 –

18 (U.S.D.C. Or. Nov. 7, 2008).

Kip O'Connor is not the real party in interest.  As set out above, this Court's

Opinion and Order set forth the following:

**Nothing in Plaintiffs' Opposition to Clackamas County's Motion to Dismiss shows how Plaintiff Kip O'Connor personally suffered an injury, is the party actually entitled to recover, or is the party to whom the relevant substantive law grants a cause of action**.  . . .  **[I]t appears that Plaintiff O'Connor's interest in this action is at most indirect**,  . . .

Page 6 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

> **O'Connor has not alleged facts showing that he personally suffered any injury**, . . .  **Mr. O'Connor personally is dismissed as a party plaintiff in this lawsuit pursuant to the County's motion.**

OPINION AND ORDER, Document 66, p. 24.

On October 12, 2012, forty-six days after this Court's Opinion and Order was issued, Mr. O'Connor filed an Amended Complaint, Document 68, which simply reiterated two of Mr. O'Connor's previously dismissed claims and, again, presented them in his name as personal claims.  Mr. O'Connor has willfully ignored this Court's Order.  The Clackamas County Defendants are entitled to this Court's Order of Dismissal under Fed.R.Civ.P. 41(b).

So that the Court may fully grasp the degree to which its Opinion and Order have been disregarded by Mr. O'Connor, the County Defendants set out below, as to each of the two restated personal claims of Kip O'Connor, the initial claim that this Court dismissed, followed by the claim presented in the Amended Complaint:

**Complaint Dismissed by this Court on August 28, 2012:**

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

(Fourteenth Amendment - - - Violation of Substantive and Procedural Due Process)

74. **Plaintiffs O'Connor, Konell and Big Mountain** bring this claim for violation of substantive and procedural due process under the Fourteenth Amendment.

77. Defendants' **actions in denying and delaying permits, issuing citations, conducting hearings, and otherwise refusing to permit plaintiffs to conduct legal activities were arbitrary and capricious** and in violation of fundamental concepts of due process.

Page 7 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

Defendants' actions did not substantially advance any governmental purpose.

78. As a result of their unconstitutional treatment by defendants, **plaintiffs Konell and O'Connor have been damaged t**he following amounts to be determined at trial which plaintiffs believe to exceed $1,000,000.

Complaint, Document 1, pp 15 - 16. Emphasis added.

## Amended Complaint filed on October 12, 2012

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY, HANSCHKA, BENTHIN, and MENCH

(Fourteenth Amendment - - - Violation of Substantive and Procedural Due Process)

75. **Plaintiffs** bring this claim for violation of substantive and procedural due process under the Fourteenth Amendment.

78. **Defendant Hanschka** wrongfully delayed or o**bstructed plaintiffs' permit applications, denied permits for specious reasons**, knowingly used incorrect information in evaluating land use permits, refused to acknowledge that Firwood was qualified to certify BFEs, contacted Firwood and **suggested that plaintiff O'Connor** had forged BFE certificates and the Firwood was not qualified to work on the permit applications, **wrongfully required the completion of LOMA forms, and refused to sign FEMA community acknowledgement forms**.

79. **Defendant Benthin** issued code citations for non-existent violations, abused hearings processes with false testimony, **issued and threatened meritless code citations to Big Mountain clients**, **wrongfully delayed and obstructed permit applications, applied false deadlines**, **notified plaintiffs that they were illegally operating a business on residential property**, and manipulated and destroyed the record of the February 23, 2010, hearing;

80. **Defendant County** abused hearings processes by permitting and basing decisions upon ex parte communications, and authorized,

Page 8 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

approved, encouraged or ratified the conduct of Hanschka, Benthin, Cox and Mench.

83. As a result of their unconstitutional treatment by defendants, **plaintiffs have been damaged** in an amount to be determined at trial.

Amended Complaint, Document 68, pp. 19 – 21.  Emphasis added.

The First Claim for Relief presented in the Amended Complaint is the same personal claim of Kip O'Connor that this Court dismissed on the ground that Kip O'Connor is not the real party in interest.

## Complaint Dismissed by this Court on August 28, 2012:

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

(Violation of 42 USC 1983 – First Amendment Retaliation)

82. **Plaintiffs exercised their first amendment rights as follows**:
**Plaintiffs O'Connor and Konell**: their right to petition the government for redress by insisting that Clackamas County issue permits to them to conduct development activities on their property.

**Plaintiff O'Connor**
A.      His right to petition the government for redress by insisting that Clackamas County issue permits to him and Big Mountain to conduct the business of development, construction and excavation on behalf of themselves and others;
B.      His right to testify that the Clackamas County was inefficient in flood planning and response and had allowed the construction of an improper revetment structure on the Sandy River;
C.      His right to petition the government for redress by insisting that Mt. Hood CPO conduct community planning meetings fairly and to cease and desist from publishing false and defamatory statements about him;
 D.      His right to publicly criticize defendant Mt. Hood CPO for failing to properly conduct community planning meetings

Page 9 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

E.    His right to use the newspaper and the internet as a forum for expressing his opinions and criticizing Clackamas County public policies and staff conduct regarding flood issue in the Mt. Hood area.

83. As alleged above, defendants retaliated against plaintiffs for exercising First Amendment rights.

86. As a result of their unconstitutional treatment by defendants, **plaintiffs Konell and O'Connor have been damaged** in amounts to be determined at trial believed to exceed $1,000,000.

Complaint, Document 1, pp. 16 – 17.  Emphasis added.

### Amended Complaint filed on October 12, 2012

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY, HANSCHKA and BENTHIN

(Violation of 42 USC 1983 – First Amendment Retaliation)

82. **Plaintiffs exercised their first amendment rights** as follows:

**Plaintiffs O'Connor and Konell: their right to petition the government for** redress by insisting that Clackamas County issue permits to them to conduct development activities.  **Plaintiff O'Connor**: (A) **His right to petition the government for redress by insisting that Clackamas County issue permits to him and / or Big Mountain to conduct the business of development, construction and excavation** on behalf of plaintiff Konell, Lifestyle and others; (B) His right to testify that Clackamas County was inefficient in flood planning and response and had allowed the construction of an improper revetment structure on the Sandy River;(C) His right to speak and write in public forums to express his opinions and criticize Clackamas County public policy and staff conduct regarding flood issues in Clackamas County.

88. As alleged above, defendants retaliated against plaintiffs for exercising First Amendment rights.

91.As a result of their unconstitutional treatment by defendants, **plaintiffs have been damaged** in an amount to be determined.

Page 10 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

Amended Complaint, Document 68, pp. 21 – 22.  Emphasis added.

The Second Claim for Relief presented in the Amended Complaint is the same personal claim of Kip O'Connor that this Court dismissed on the ground that Kip O'Connor is not the real party in interest.

Fed.R.Civ.P. 41(b) provides independent support for dismissal here:

> Because a dismissal under Rule 41(b) is such a harsh remedy, and because such dismissals are frequently occasioned by inattention of counsel rather than by plaintiff's own wrongdoing, courts are rightfully reluctant to employ 41(b) sanctions for failure to comply with an order of the court.  . . .  It is equally clear, however, that aggravated circumstances may make dismissal under 41(b) appropriate. *Agnew v. Moody*, 330 F.2d 868 (9th Cir. ), cert. denied, 379 U.S. 867, 13 L. Ed. 2d 70, 85 S. Ct. 137 (1964); *O'Brien v. Sinatra,* 315 F.2d 637 (9th Cir. 1963).  In those cases the district judge will be reversed only if he has abused his discretion in dismissing the action.

*Von Poppenheim v. Portland Boxing & Wrestling Com.,* 442 F.2d 1047, 1049 ( 9th Cir 1971).

Moreover, Fed.R.Civ.P. 17(3) provides as follows:

> *Joinder of the Real Party in Interest.* **The court may** not **dismiss an action for failure to prosecute in the name of the real party in interest** until, **after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action**.

Mr. O'Connor has elected not to join or bring in the real party in interest.  Mr. O'Connor has chosen to restate his personal claims, notwithstanding this Court's Order and Opinion dismissing such claims.  The County Defendants are entitled to dismissal of the Amended Complaint under the authority of Fed.R.Civ.P. 17(3).

Page 11 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3)
and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE
HANSCHKA AND KIM BENTHIN

The subject of this lawsuit is the degree to which, and under what conditions, lots 4200, 4300 or 4400 of the Liberty Lodge Subdivision may be developed. The following facts relevant to these lots are drawn from the Amended Complaint:

> In May 2007, O'Connor purchased real property located on Relton Lane, and described as Lots 4200-440, Liberty Lodge Subdivision, in the County of Clackamas , Rhododendron, Oregon. (hereinafter referred to by Lot numbers or "Relton Lane property"). O'Connor subsequently transferred Lots 4200-4300 to Lifestyle and Lot 4400 to Konell. These lots are within the Sandy/Salmon River PRCA. **At all material times, Lifestyle and Konell owned this property**.

Amended Complaint, ¶ 22, Document 68, p. 5. Emphasis added.

To the degree that any limitations imposed on the development of lots 4200, 4300 or 4400 of Liberty Lodge Subdivision cause cognizable legal injury, the injury is suffered by the owners of the lots. As to the development rights held by the owners of lots 4200, 4300 or 4400 of Liberty Lodge Subdivision Kip O'Connor is a stranger, he has no basis to assert either the existent of such rights or their impairment by any governmental action. Mr. O'Connor is simply one who may merely be interested in or benefit from the litigation. The owner of lots 4200 and 4300 in the Liberty Lodge Subdivision, Lifestyle Ventures, LLC is not a party to this lawsuit.

In the Amended Complaint Mr. O'Connor asserts that he is the owner of Lifestyle Ventures, LLC. Amended Complaint, ¶ 2, Document 68, p. 1. This fact is without legal significance.

Page 12 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

As relevant here Oregon's Limited Liability Company Act provides the following:

> ORS 63.239, Nature of membership interest.
>
> A membership interest is personal property. A member is not a co-owner of and has no interest in specific limited liability company property.

Conversely ORS 63.077, General powers, provides the following:

> (2) Unless its articles of organization provide otherwise, and subject to the provisions of ORS 63.074 (2), [professional llcs] each limited liability company organized under this chapter may:
> (a) Sue and be sued, and complain and defend in all courts in its own name;

Notwithstanding the clear legal distinction between a limited liability company and its members, Mr. O'Connor appears to operate under the view that he is Lifestyle Ventures, LLC and Lifestyle Ventures, LLC is him. A view that Louis XIV might appreciate but one that is contrary to law.

> **That the corporate veil may be pierced for the purpose of imposing liability on** shareholders **does** not **mean it can equally be pierced for the benefit of the** shareholders. See R. Hamilton, The Law of Corporations in a Nutshell 99 (2d ed. 1987) ("The doctrine of piercing the corporate veil . . . is not available for the benefit of shareholders, but only against shareholders.").

*Saratoga Sav. & Loan Ass'n v. Cirona,* 1991 U.S. App. LEXIS 8620, * 2 (9th Cir May 2, 1991)

The fact that Lifestyle Ventures, LLC is a limited liability company rather than a corporation, does not change this result. As set out above in O.R.S. § 63.239,

Page 13 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

as a matter of Oregon law, members of a limited liability company do not have an interest in specific company property. Because members of Lifestyle Ventures, LLC hold no direct ownership interest in the company's assets, the members cannot be directly injured when the value of those assets is tortiously impaired

Conversely, injuries and affronts that Mr. O'Connor has suffered as a tradesman, contractor or citizen are not injuries to Lifestyle Ventures, LLC. Notably, Mr. O'Connor never alleges, in either his Complaint or Amended Complaint, that in any of his various contacts with any of the adverse parties that he was acting in a representative capacity on behalf of Lifestyle Ventures, LLC. Nor does Mr. O'Connor ever allege that the First Amendment rights of Lifestyle Ventures, LLC were at issue, that Lifestyle Ventures, LLC ever applied for a permit, or that Lifestyle Ventures, LLC was ever an actor in any of the events set out in the initial Complaint or the Amended Complaint.

Mr. O'Connor lacks standing to assert any claim of injury suffered by Lifestyle Ventures, LLC. The party invoking federal jurisdiction has the burden of establishing the elements of standing, which include showing "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Quotations and citations omitted. The allegations here are that Lifestyle Ventures, LLC and Lisa Konell have suffered injury, not Mr. O'Connor.

Page 14 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

In the absence of standing there is no case or controversy as required by Article III and the Court lacks subject matter jurisdiction. "A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court there-fore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998)." *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004).

In assessing the willfulness of Mr. O'Connor's conduct in simply reiterating the claims in his own name that this Court has previously dismissed as the claims of Lifestyle Ventures, LLC, one cannot help but take notice of the fact that the above proposition of law is so basic that the Ninth Circuit references The Nutshell as authority. Moreover, it has been expressly held in the Ninth Circuit that under 42 USC §1983 a shareholder cannot maintain a civil rights action for injury suffered only by the corporation, *Erlich v. Glasner,* 418 F.2d 226, 228 (9th Cir. 1969).

In light of this Court's prior clear Opinion and Order, these reiterated claims are "unreasonable, frivolous, meritless or vexatious" such that the County Defendants are entitled, under 42 USC §1988(b), to an award of the attorneys' fees incurred in the defense of these portions of this lawsuit. *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

The County Defendants note that in *Fox v. Vice*, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011) the prevailing defendants who were entitled to an award of attorney's fees

Page 15 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

under 42 USC §1988(b) included the municipality of Vinton, Louisiana. *Fox, supra,* 131 S.Ct. at 2211. There is no suggestion that Vinton's status as a governmental unit in any fashion limited its right to the recovery of its attorney's fees as a prevailing defendant. So too here Clackamas County's status as a governmental entity does not deprive it of the right to recover that portion of its attorney's fees that have been expended in the defense of Mr. O'Connor's claims.

**2)** **Kip O'Connor has willfully defied this Court's Order by restating a state tort claim that this Court has previously dismissed with prejudice. The County Defendants are entitled to a dismissal of the Amended Complaint as provided for in Fed.R.Civ.P. 41(b).**

In its prior Motion, Document 13, the County Defendants moved against Claim Four of the Complaint. It was a supplemental state law claim brought against both Clackamas County and the individual County defendants asserting a right to recover for the interference with contractual relations and the intentional interference with business relations. As set out in the initial Complaint the allegation was as follows:

> Defendants intentionally interfered with the business relations of O'Connor and Big Mountain by improper means or for an improper purpose

Complaint, ¶ 96, Document 1, p. 18.

As set out above, in section E of this Court's Opinion and Order, Document 68, this Court dismissed, with prejudice, the referenced tort claim as to the individual named County Defendants. Kim Benthin was among the individual County employees named. As to Clackamas County, the Court granted leave to

Page 16 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

amend upon a showing that the Plaintiffs had adhered to the notice provisions of the Oregon Tort Claims Act. In the Amended Complaint, Mr. O'Connor abandons his efforts to state a tort claim against the County but elects to restate the claim against Ms. Benthin. In that regard the County Defendants set forth the following passage from the Amended Complaint:

> **Defendant Benthin** issued code citations for non-existent violations, abused hearings processes with false testimony, **issued and threatened meritless code citations to Big Mountain clients**, wrongfully delayed and obstructed permit applications, applied false deadlines, notified plaintiffs that they were illegally operating a business on residential property, and manipulated and destroyed the record of the February 23, 2010, hearing;

Amended Complaint ¶ 79, Document 68, p. 20. Emphasis added.

As to Ms. Benthin's conduct in regard to Big Mountain's clients, this is the dismissed tort claim. It is most certainly not a cognizable claim under 42 USC § 1983. The United States Supreme Court held as follows in *Baker v. McCollan,* 443 U.S. 137 (1979) wherein the Court discussed the limitations on actions pursuant to 42 USC §1983, and the independent remedies provided by state tort law for injuries that did not involve the deprivation of rights secured by the Constitution or federal laws,

> **Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles**. Just as "[medical] malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle* v. *Gamble*, 429 U.S. 97, 106 (1976), false imprisonment does not become a violation of the

Page 17 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

Fourteenth Amendment merely because the defendant is a state official. *Id.* at 146. Emphasis added.

Likewise, twenty years later in *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40 (1999), the United States Supreme Court held as follows:

> To state a claim for relief in an action brought under § 1983, respondents **must establish that they were deprived of a right secured by the Constitution or laws of the United States**, and that the alleged deprivation was committed under color of state law. *Id.* at 49-50. Emphasis added.

The referenced pleading in the Amended Complaint is nothing less than a sham and is prosecuted in defiance of this Court's prior Opinion and Order.

Fed.R.Civ.P. 41(b) provides support for dismissal here:

> Because a dismissal under Rule 41(b) is such a harsh remedy, and because such dismissals are frequently occasioned by inattention of counsel rather than by plaintiff's own wrongdoing, courts are rightfully reluctant to employ 41(b) sanctions for failure to comply with an order of the court. . . . It is equally clear, however, that aggravated circumstances may make dismissal under 41(b) appropriate. *Agnew v. Moody*, 330 F.2d 868 (9th Cir.), cert. denied, 379 U.S. 867, 13 L. Ed. 2d 70, 85 S. Ct. 137 (1964); *O'Brien v. Sinatra,* 315 F.2d 637 (9th Cir. 1963). In those cases the district judge will be reversed only if he has abused his discretion in dismissing the action.

*Von Poppenheim v. Portland Boxing & Wrestling Com.,* 442 F.2d 1047, 1049 ( 9th Cir 1971).

Moreover, as discussed more fully above, neither Mr. O'Connor nor Big Mountain have standing to seek redress for injuries suffered by clients of Big Mountain who were purportedly threatened with and received meritless citations.

Page 18 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

In light of this Court's prior clear Opinion and Order this claim is "unreasonable, frivolous, meritless or vexatious" such that the County Defendants are entitled, under 42 USC § 1988(b), to an award of the attorneys' fees incurred in the defense of these portions of this lawsuit. *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

3) **Kip O'Connor's Amended Complaint does not conform to the requirements of Fed.R.Civ.P. 10. All putative Defendants with the exception of Clackamas County are entitled to this Court's ruling that only the named Defendant is a party defendant. Likewise, Clackamas County is entitled to this Court's ruling that only the named Plaintiff is a party plaintiff**.

Although some "[c]ourts have concluded that a party that is not named in the caption of an amended complaint is not a party to the action. *Jones v. Parmley*, No. 5:98-CV-FJS/GHL, 2005 U.S.Dist. LEXIS 43921 (N.D.N.Y. Apr. 20, 2005); *Harris v. Auxilium Pharm., Inc.,* 664 F.Supp. 2d 711, 722 (S.D.Tex 2009)" *Bakari v. May,* 2011 U.S. Dist. LEXIS 52415, * 4 (S.D. Ohio May 6, 2011), the rule in the Ninth Circuit is that "[T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." *Hoffman v. Halden*, 268 F.2d 280, 303-304 (9th Cir. 1950) *overruled on other grounds* by *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).

However, this case is not the ordinary case. The *et al*. characterization of both the Plaintiffs and Defendants, when coupled with the broad allegations of the pleadings and the recurring use of the plural form for the plaintiffs and the plural

Page 19 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

form for the defendants renders it impossible to determine who is alleged to have suffered injury at the hands of whom.

The only named Plaintiff, Kip O'Connor, has been dismissed from this action by Order of this Court: "**Mr. O'Connor personally is dismissed as a party plaintiff in this lawsuit pursuant to the County's motion.**" Document 66, p. 24. Conversely, the party that has been identified as a real party in interest, Lifestyle Ventures, LLC, has no claims.

Moreover, the Amended Complaint contains a variety of allegations about Michael McAllister; Gary Hewitt and Carl Cox. Mr. McAllister and Mr. Hewitt have previously been dismissed by the Plaintiffs without prejudice on the motion of the Plaintiffs. Have they returned to the case as *et al.* since there are allegations of actionable misconduct within the body of the Amended Complaint? An application of the ordinary rule of this Circuit answers yes. As set out above, Fed.R.Civ.P. 10(b) provides: "If doing so would promote clarity, each claim founded upon a separate transaction or occurrence . . . must be stated in a separate count . . ."

Likewise, Carl Cox is alleged within the body of the Amended Complaint to have engaged in actionable misconduct. An application of the ordinary rule of this Circuit would identify him as an additional Defendant. However, as to Carl Cox Fed.R.Civ.P. 4(m) provides for his dismissal:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

Page 20 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case the Complaint was filed on October 27, 2011. Summonses were issued on November 1, 2011. Under the above facts, which are drawn from the Court's record in this case, the 120 day period for the service of the Complaint on Carl Cox expired on February 27, 2012. No service has been made, nor have any of the Plaintiffs requested an extension of time within which to accomplish service on Carl Cox.

*Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009) provides a more than adequate statement of the analysis that a District Court is to perform when considering dismissal of a Defendant when, as here, the Plaintiff has failed to comply with Fed.R.Civ.P. 4(m).

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. *In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001). The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. ***Id.* at 512, 514.** Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action. *See Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007); *see also 2,164 Watches,* 366 F.3d at 773.

*Lemoge*, 587 F3d at 1198 n. 3

In an explanatory footnote the Ninth Circuit discussed the criteria for showing good cause in the following language, with emphasis added:

> **<u>Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect</u>**.   See *Boudette v.*

Page 21 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397

*Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint was dismissed.'  *Id.*

*Lemoge*, 587 F3d at 1198 n. 3.

Assuming that the Clackamas County Defendants need to show an interest in the dismissal of Carl Cox as a Defendant in this case, the Clackamas County Defendants note that the Plaintiffs' Complaint as to Clackamas County under 42 USC §1983 is based, in part, on the conduct of Carl Cox.  Carl Cox is to be dismissed from this Complaint and the Court is to declare that only the parties named in the caption are parties to the action.  Of course, this will result in the dismissal of the Amended Complaint inasmuch as Kip O'Connor has been previously dismissed from this action.

## CONCLUSION

It appears from the conduct of Kip O'Connor that his pursuit of this lawsuit is sport.  Note that the pleadings here were defended by the Plaintiffs as acceptable under a pleading standard that the Supreme Court expressly overruled in 2002.  From the perspective of those pursued by Mr. O'Connor it is a tedious game that this Court needs to end.

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability

Page 22 - COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(b); FED.R.CIV.P. 17(3) and FED.R.CIV.P. 10(a) FILED ON BEHALF OF CLACKAMAS COUNTY, STEVE HANSCHKA AND KIM BENTHIN

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397

to administer justice." *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996).

Based upon the arguments and authorities set forth above the Clackamas County Defendants ask that this Court enter its Order dismissing this action with prejudice.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 8,711 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

Respectfully submitted this ___ day of October, 2012.


CLACKAMAS COUNTY COUNSEL


_____
Stephen L. Madkour, OSB No. 941091
County Counsel ,Clackamas County, Oregon
/s/ Alexander Gordon
Alexander Gordon, OSB No. 822671
E-mail: agordon@co.clackamas.or.us
OF ATTORNEYS FOR DEFENDANT CLACKAMAS COUNTY AND THE INDIVIDUAL COUNTY DEFENDANTS

**CLACKAMAS COUNTY COUNSEL**
2051 Kaen Road Oregon City, OR  97045
Phone (503) 655-8362    FAX (503) 742-5397