# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
## Portland Division

**KIP O'CONNOR,** *et al.*,

      Plaintiffs,

v.

**COUNTY OF CLACKAMAS,** *et al.,*

      Defendants.

Case No.: 3:11-cv-1297-SI

**OPINION AND ORDER**

Mark E. Griffin
GRIFFIN & MCCANDLISH
1631 N.E. Broadway, No. 721
Portland, OR  97232

    Attorneys for Plaintiffs

Stephen L. Madkour, County Counsel
Scott C. Ciecko, Assistant County Counsel
Alexander Gordon, Assistant County Counsel
Clackamas County, Oregon
2051 Kaen Road
Oregon City, OR  97045-1819

    Attorneys for Defendants Clackamas County, Michael McCallister, Gary Hewitt,
    Steve Hanschka, and Kim Benthin

Daniel J. Rohlf
Pacific Environmental Advocacy Center
10015 S.W. Terwilliger Blvd.
Portland, OR  97219-7768

    Attorneys for Defendants Mt. Hood Corridor CPO, Don Mench, Dave Fulton,
    Roy Bellows, Donna Bellows, and Janine Bertram

**SIMON, District Judge**.

## BACKGROUND

In an Opinion and Order dated August 28, 2012, the Court granted in part and denied in part Defendants' motions to dismiss. Doc. 66. On October 12, 2012, Plaintiffs filed their Amended Complaint. Doc. 68.

As alleged in the Amended Complaint, there are three Plaintiffs in this lawsuit: (1) Kip O'Connor ("O'Connor"); (2) Lisa Konell ("Konell"); and Big Mountain Co., an Oregon corporation licensed as a construction contractor ("Big Mountain"). Am. Comp. ¶¶ 2-4. O'Connor owns Big Mountain. Am. Comp. ¶ 2. O'Connor also owns Lifestyle Ventures, LLC ("Lifestyle"), which is not a party in this action. *Id.* In May 2007, O'Connor purchased real property located on Relton Lane (known as the "Relton Lane Property"), which consists of three lots described as Lots 4200, 4300, and 4400. Am. Comp. ¶ 22. Before this lawsuit was filed, O'Connor transferred Lots 4200 and 4300 to Lifestyle and Lot 4400 to Konell. *Id.* In addition, O'Connor and Konell jointly own a different parcel of property known as the "Salmon River Road Property." Am. Comp. ¶ 23.

Plaintiffs name four defendants in the Amended Complaint: (1) Clackamas County, Oregon ("Clackamas County"); (2) Kimberly Benthin ("Benthin"), a Code Compliance Specialist who works for the Clackamas County Department of Transportation and Plaintiff; (3) Steve Hanschka ("Hanschka"), an employee of the Clackamas County Planning Division; and (4) Don Mench ("Mench"), the chair of the Mt. Hood Community Planning Organization ("Mt. Hood CPO"). Am. Comp. ¶¶ 5, 8, 9, and 12. Although other individuals and organizations are identified and described in the Amended Complaint, *see, e.g.,* Am. Comp. ¶¶ 6-7, 10-11, 13-15, and 17, they are not named as "Defendants" in the Amended Complaint,

unlike Defendants Clackamas County, Benthin, Hanschka, and Mench.  Defendants Clackamas County, Benthin, and Hanschka are collectively referred to as the "County Defendants."

The Amended Complaint alleges two causes of Action.[1]  Plaintiffs' First Claim for Relief is asserted against all four Defendants (Clackamas County, Hanschka, Benthin, and Mench) and is titled "Fourteenth Amendment – Violation of Substantive and Procedural Due Process."  Am. Comp. at p. 19 of 24.  During oral argument, Plaintiffs acknowledged that this claim is brought under 42 U.S.C. § 1983 and actually contains two distinct theories of relief, substantive due process and procedural due process.  Plaintiffs' Second Claim for Relief is asserted against only the County Defendants and is titled "Violation of 42 U.S.C. 1983 – First Amendment Retaliation."  Am. Comp. at p. 21 of 24.

Pending before the Court is a Motion to Dismiss filed by the County Defendants.  Doc. 70.  Although Defendants' motion and supporting memorandum (Doc. 71) contains mostly hyperbole and invective, the Court interprets the pleadings filed by the County Defendants to be making the following four arguments:  First, the County Defendants assert that the claims of Plaintiff O'Connor should be dismissed because he is not the real party in interest and has no standing.  Second, the County Defendants assert that Plaintiffs' first claim is nothing more than an improper restatement of Plaintiffs' original state tort claim, which the Court previously dismissed with prejudice.  Third, the County Defendants assert that the claims of all Plaintiffs should be dismissed pursuant to Rule 10 of the Federal Rules of Civil Procedure because the caption of the Amended Complaint lists only the first named Plaintiff (O'Connor) followed by "*et al*." and only the first named Defendant (Clackamas County) followed by "*et al*."  According

---

[1] The Amended Complaint, when filed, asserted a third cause of action against only Defendant Mench.  Plaintiffs, however, moved to dismiss their third claim (Doc. 73), and the Court granted that motion.  Doc. 79.

Page 3 – OPINION AND ORDER

to the County Defendants, "it is impossible not only to determine [the] identities [of the other Defendants] but it is also impossible to know if they are targeted in their official or individual capacities." Doc. 70 at p. 5 of 6. Fourth, and finally, the County Defendants assert in their motion that there is a "want of subject matter jurisdiction," Doc. 70, at p. 4 of 6, although that assertion is not developed in their supporting memorandum (Doc. 71), which also fails to include any reference to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

### A.     Is Plaintiff Kip O'Connor a Real Party in Interest?

Defendant Clackamas County previously moved to dismiss the claims asserted by Plaintiff O'Connor on the grounds that Mr. O'Connor was not the real party in interest and has not suffered any cognizable injury. On August 28, 2012, the Court granted that dismiss, stating:

> Nothing in Plaintiffs' Opposition to Clackamas County's Motion to Dismiss shows how Plaintiff Kip O'Connor personally suffered an injury, is the party actually entitled to recover, or is the party to whom the relevant substantive law grants a cause of action. The Complaint alleges that Plaintiff O'Connor is the sole owner of Plaintiff Big Mountain and a minority member in Lifestyle, an Oregon limited liability company that is not a party to this lawsuit. Complaint ¶¶ 2-4. The Complaint also alleges that O'Connor purchased the three parcels of the Property that is at issue in this lawsuit in May 2007, that he "subsequently transferred" two of those lots to Lifestyle and one to Konell, and that "[a]t all material times, Lifestyle Ventures and Konell owned this property." *Id.* at 23. Based on these allegations, it appears that Plaintiff O'Connor's interest in this action is at most indirect, as a minority owner of non-party Lifestyle and as the sole owner of Plaintiff Big Mountain. Because Plaintiff O'Connor has not alleged facts showing that he personally suffered any injury, is the party actually entitled to recover, or is the party to whom the relevant substantive law grants a cause of action, Mr. O'Connor personally is dismissed as a party plaintiff in this lawsuit pursuant to the County's motion.

Opinion and Order (Aug. 28, 2012) (Doc. 66), at pp. 23-24. The Court gave Mr. O'Connor leave to replead.

In their Amended Complaint, Plaintiffs allege, in relevant part pertaining to Plaintiff O'Connor:

- "At all material times, Konell and O'Connor owned property located at 27909 Salmon River Rd., Rhodedendron, Oregon (hereinafter 'Salmon River Rd. property')." (Am. Comp. ¶ 23.)

- "On or about September 9, 2009, Benthin notified O'Connor and Konell that O'Connor was illegally operating a construction business on residential property, *i.e.* the Salmon River Rd. property. O'Connor and Konell had a building permit and were building a personal residence on the Salmon River property." (Am. Comp. ¶ 40.)

- "On December 14, 2010, Benthin issued a code violation to O'Connor and Konell that they were using residential property, *i.e.,* the Salmon River Rd. property, for commercial purposes. Benthin has no meritorious basis to issue the notice of code violation." (Am. Comp. ¶ 69.)

- "On March 22, 2011, Benthin issued a code violation to O'Connor and Konell for unlawful business activities at the Salmon River Rd. property. There was no basis for this code violation. Plaintiffs are informed and believe that the code violation was issued after, and because of, O'Connor's questioning of Benthin about the above two other code violations [described in Am. Comp. ¶¶ 70-71]." (Am. Comp. ¶ 72.)

- "Defendant Benthin issued code citations for non-existent violations, . . . [and] notified plaintiffs that they were illegally operating a business on residential property." (Am. Comp. ¶ 79.)

- "Defendants' actions were arbitrary and capricious and in violation of fundamental concepts of due process. Defendants' actions did not substantially advance any governmental purpose." (Am. Comp. ¶ 82.)

- "As a result of their unconstitutional treatment by defendants, plaintiffs have been damaged in amounts to be proven at trial." (Am. Comp. ¶ 83.)

- "As a result of their unconstitutional treatment by defendants, plaintiffs have been damaged in an amount to be determined at trial." (Am. Comp. ¶ 91.)

Page 5 – OPINION AND ORDER

In its earlier Opinion and Order, the Court described what a plaintiff must show to establish a protected property interest when claiming a violation of a plaintiffs' right to procedural due process. Opinion and Order (Aug. 28, 2012) (Doc. 66), at pp. 15-17. The Court also described what a plaintiff must allege to state a violation of substantive due process. *Id.* at p. 17. Although Plaintiff O'Connor alleges that Defendant Benthin knowingly issued code violations without merit and that Defendants' actions did not substantially advance any governmental purpose, O'Connor has not alleged that the conduct of Benthin (or any other relevant "person") acting under color of state law proximately caused a deprivation of a federally protected right. *See generally West v. Atkins,* 487 U.S. 42, 48 (1988); *OSU Student Alliance v. Ray,* 699 F.3d 1053, 1072 n.12 (9th Cir. 2012).

Plaintiffs' only allegation of proximate causation with regard to Plaintiff O'Connor comes in paragraphs 83 and 91, quoted above. A court, however, need not credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Accordingly, Plaintiff O'Connor has failed to state a claim, and his claims are dismissed. Plaintiffs have leave to file a second amended complaint that adequately states a claim by Plaintiff O'Connor.

**B.      Have Plaintiffs Improperly Restated Their Dismissed State Tort Claim?**

In its earlier Opinion and Order, the Court dismissed Plaintiffs' tort claim of intentional interference on the ground that Plaintiffs failed to provide timely notice of that claim and also dismissed Plaintiffs' tort claim against the individual County defendants pursuant to Or. Rev. Stat. § 30.260(1). Opinion and Order (Aug. 28, 2012) (Doc. 66), at pp. 20-23. The Court, however, in large part denied the County Defendants' motion to dismiss Plaintiffs' claims under § 1983. *Id.* at pp. 11-18.

The County Defendants now argue that Plaintiffs have restated their dismissed state tort claim, asserting that Plaintiffs' claim is "not a cognizable claim under 42 U.S.C. § 1983." Doc. 71 at p. 20 of 26. The County Defendants, however, fail to address any of the conclusions reached by the Court in its earlier Opinion and Order (Aug. 28, 2012) (Doc. 66), at pp. 20-23, finding that Plaintiffs have stated such a claim, at least at the pleading stage. Moreover, if the County Defendants wanted to strike any particular factual allegation as "immaterial," they could have filed such a motion to strike pursuant to Rule 12(f). But they did not. The County Defendants' motion to dismiss Plaintiffs' amended complaint on the ground that Plaintiffs are improperly restating their dismissed state tort claims is without merit.

**C.     Should Plaintiffs' Action be Dismissed Because They Failed to Specifically Name All Plaintiffs and Defendants in the Caption of Their Amended Complaint?**

In their opening memorandum, the County Defendants correctly state that "the rule in the Ninth Circuit is that 'the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.' *Hoffman v. Halden,* 268 F.2d 280, 303-304 (9th Cir. 1950), *overruled on other grounds by Cohen v. Norris,* 300 F.2d 24 (9th Cir. 1962)." Doc. 71, at p. 22 of 26. The County Defendants, however, then assert that "this is not the ordinary case." *Id.* They argue that "the broad allegations of the pleadings and the recurring use of the plural form for the plaintiffs and the plural form for the defendants renders it impossible to determine who is alleged to have suffered injury at the hands of whom." *Id.* at pp. 22-23 of 26. The County Defendants also state that they are uncertain whether Carl Cox is an "additional Defendant," and they argue that Carl Cox should be dismissed from this Complaint. *Id.* at pp. 23-25 of 26.

The County Defendants, however, have not brought a motion under Rule 12(e), which allows a party to move for a more definite statement of a pleading that is so vague or ambiguous that they party cannot reasonably prepare a response. They also have not indicated that the information they seek could not have been obtained through a simple interrogatory or set of interrogatories.

Instead, their sole basis for their motion to dismiss the action is Rule 10(a) of the Federal Rules of Civil Procedure. Rule 10(a) provides in relevant part: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." In support of their argument that Plaintiffs' action should be *dismissed* for failure to comply with Rule 10(a), the County Defendants state in their Reply Memorandum:

> However, a Complaint may be dismissed for failure to comply with Fed.R.Civ.P. 10(a) if *et al.* is used in the caption without ever identifying the defendants sought to be included. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-1261 (9th Cir. [1992]), *cert. denied,* 560 U.S. 915 (1992).

Doc. 80, at p. 15 of 19.

The County Defendants misstate the holding of the Ninth Circuit in *Ferdik*. In *Ferdik,* the plaintiff was expressly told by the district court that his second amended complaint did not comply with Rule 10(a) of the Federal Rules of Civil Procedure because he used "*et al.*" in naming the defendants. As explained by the Ninth Circuit, "[t]he magistrate ordered Ferdik to refile a conforming second amended complaint with[in] thirty days and again advised him that if he did not comply with the order the clerk would enter a dismissal without further notice to him." *Ferdik,* 963 F.2d at 1260.

> The [district] court granted Ferdik two opportunities to amend his complaint (each time expressly warning him that failure to timely amend would result in dismissal); gave him the guidance necessary for him to submit a properly amended first complaint; and even went as far as

Page 8 – OPINION AND ORDER

>vacating the dismissal it had entered after appellant failed to timely file his second amended complaint in the first instance. Moreover, in striking his second amended complaint as deficient, the magistrate's order set out the language of Rule 10(a), clearly explained the reason the complaint was being stricken in language comprehensible to a lay person, and gave Ferdik an additional thirty days in which to refile a conforming complaint. Finally, that same order reiterated that Ferdik's failure to comply with the order would result in dismissal.

*Ferdik,* 963 F.2d at 1261 (footnotes omitted). In affirming the district court's dismissal, the Ninth Circuit expressly stated that this was a dismissal "for failure to comply with a court order." *Ferdik,* 963 F.2d at 1260. Thus, contrary to the representation of the County Defendants, *Ferdik* was not a dismissal based simply on failing to comply with Rule 10(a).

The County Defendants also argue that because of Plaintiffs' violation of Rule 10(a) "it is not disclosed whether Mr. Hanschka is sued in his individual or official capacity, a distinction that goes to the availability of certain defenses." Doc. 80, at p. 16. The Amended Complaint does, however, seek punitive damages, Am. Comp. ¶¶ 84 and 92, and punitive damages cannot be obtained against either a municipal entity or against a municipal officer being sued in his or her *official* capacity. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 261-64 (1981). Further, a claim against a municipal officer in his or her official capacity is redundant or duplicative when the municipality is also sued, as here; thus, the claims against the municipal officer in his or her official capacity are subject to dismissal on that ground. *See, e.g., Cotton v. District of Columbia,* 421 F. Supp. 2d 83, 86 (D.D.C. 2006); *Baines v. Masiello,* 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003); *McCachren v. Blacklick Valley Sch. Dist.,* 217 F. Supp 2d 594, 599 (W.D. Pa. 2002).

Punitive damages, however, may be recovered against a municipal employee or official in his or her personal capacity, but only if the employee or official acted with a malicious or evil intent or in callous disregard of the plaintiff's federally protected rights, *Smith v. Wade,* 461

Page 9 – OPINION AND ORDER

U.S. 30 (1983), or when based on "oppressive" conduct, as when the defendant misused authority or exploited the plaintiff's weakness. *Dang v. Cross,* 422 F.3d 800, 809-11 (9th Cir. 2005). If Plaintiffs intend to seek punitive damages against Defendants Benthin or Hanschka, or both, based on Plaintiffs' claims against them in their personal capacities, then Plaintiffs must explicitly allege that.

The County Defendants also argue that they are "confused" about whether Mr. Carl Cox is still a defendant in this case. Doc. 80, at pp. 16-17 of 19. That the County Defendants are "confused" is confusing. The Amended Complaint does not identify Mr. Cox as a defendant, even though is expressly identifies Ms. Benthin, Mr. Hanschka, and Mr. Mench as defendants. *See* Am. Comp. ¶¶ 8-12. Mr. Cox is no longer a defendant in this action.

Finally, the County Defendants ask, "Is Big Mountain, Co. a plaintiff?" Doc. 80, at p. 17. The answer to that question is found in the Amended Complaint, which expressly identifies "Big Mountain, Co." as a "Plaintiff." *See* Am. Comp. ¶ 4.

Notwithstanding these deficiencies in the County Defendants' motion, supporting memorandum, and reply, Plaintiffs are directed to file within fourteen (14) days from the date of this Opinion and Order a Second Amended Complaint that specifically names and identifies in the caption all Plaintiffs and all Defendants remaining in this case and that explicitly indicates that the individual County Defendants are being sued in their personal capacities.

**D.     Does this Case Lack Subject Matter Jurisdiction?**

In their Amended Complaint, Plaintiffs allege what they contend are two claims for relief. Plaintiffs' first claim alleges a violation of Plaintiffs' substantive and procedural due process rights, as guaranteed under the Fourteenth Amendment. Plaintiffs' second claim alleges a violation of 42 U.S.C. § 1983 based upon a theory of "First Amendment Retaliation."

Plaintiffs assert that "[t]his court has jurisdiction pursuant to 28 U.S.C. § 1331 based on 42 U.S.C. § 1983, 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 13667 [*sic*]." Am. Comp. ¶ 1.  With regard to Plaintiffs' invocation of 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), Plaintiffs are incorrect because there is not complete diversity.  In fact, all Plaintiffs and Defendants appear to be citizens of Oregon.  With regard to Plaintiffs' invocation of 28 U.S.C. § 13667 [*sic*], the Court assumes that Plaintiffs meant to refer to § 1367 (supplemental jurisdiction).  Because Plaintiffs have voluntarily dismissed their third claim, alleging a state law cause of action, this jurisdictional basis is no longer needed.

With regard to Plaintiffs' invocation of § 1331 (federal question jurisdiction) based on Defendants' alleged violations of 42 U.S.C. § 1983, that assertion of subject matter jurisdiction is well taken.  In addition, 28 U.S.C. § 1343(a)(3) explicitly confers upon a district court original jurisdiction over any civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ."  Thus, this Court has subject matter jurisdiction, and the County Defendants' argument to the contrary is without merit.

## CONCLUSION

The County Defendants' Motion to Dismiss (Doc. 70) is GRANTED IN PART AND DENIED IN PART.  The claims asserted by Plaintiff O'Connor are dismissed with leave to replead within fourteen (14) days.  Plaintiffs are further directed to file within fourteen (14) days a Second Amended Complaint that specifically names in the caption all Plaintiffs and Defendants remaining in this action.  In addition, with regard to Plaintiffs' First Claim for Relief, under 42 U.S.C. § 1983, Plaintiffs are directed to plead their claims for procedural and substance due process in separate claims.  In addition, Plaintiffs are directed to indicate that their claims

against Defendants Benthin and Hanschka are brought against those Defendants only in their personal capacities. Further, if Plaintiffs intend to ask for punitive damages, they must specify against which Defendants such punitive damages are sought. Finally, as discussed during oral argument, all discovery in this case shall close by February 28, 2013, dispositive motions may be filed not later than March 29, 2013, and all parties are allowed an additional ten (10) interrogatories beyond the limitations set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge