Mark E. Griffin
Griffin & McCandlish
1631 NE Broadway, #721
Portland, Oregon  97232
(503)-680-3042
mark@markgriffin.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **KIP O'CONNOR, et al.,** | Case No.: 3:11-cv-1297-SI |
| Plaintiffs | |
| **COUNTY OF CLACKAMAS, et al.,** | PLAINTIFFS' RULE 54(d)(2)(b)(iv) MOTION and to RE-OPEN DISCOVERY |
| Defendants | |

### CERTIFICATION---LR 7-1(a)(1)(A)

In compliance with Rule 7-1(a)(1)(A), the parties made a good faith effort to resolve the dispute and have been unable to do so.  Because defense counsel presently is in Chile, counsel most recently have communicated through e-mail.

### MOTION

Plaintiffs move this Court for an order under FRCP 54(d)(2)(b)(iv) that defendants produce fee agreements.  Plaintiffs further move for an order re-opening discovery for the limited purpose of obtaining documents

1    PLAINTIFFS' RULE 54(d)(2)(b)(iv) MOTION and TO RE-OPEN DISCOVERY

relevant to the fee agreements and petition for fees. The ground for this motion is that the nature and terms of the fee agreements are relevant to the issues presented by the attorney fee petition.

Judgment has been entered in this case and defendants recently filed a Petition for Attorney Fees under FRCP 54. (Doc # 166). Plaintiffs have informally (by oral and written request) and formally (by the service of a Request for Production) sought discovery of information relevant only to the Fee Petition, including production of the fee agreements. Defendants have refused to produce the documents on the grounds that discovery has closed and the requested documents are not relevant.

Defendants' relevancy objection runs contrary to the language of FRCP 54(d)(2)(b)(iv): "Unless a statute or a court order provides otherwise, the motion must….(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

Defense counsel has created confusion with respect to the fee agreements. Defense counsel has stated only:

> "Earthwise agreed to represent CPO defendants in this case on a *pro bono* basis. By agreement with CPO Defendants, Earthwise would receive no payment for our work in the case unless there is a fee award or settlement." Rohlf Dec., par. 5 (Doc. 167).

2    PLAINTIFFS' RULE 54(d)(2)(b)(iv) MOTION and TO RE-OPEN DISCOVERY

Defendants have not disclosed (1) whether there was a single agreement or individual agreements with each of the defendants; (2) whether the agreements were in writing; (3) who signed the agreement on behalf of the CPO (there are no references to the attorney fee agreement or to the representation by Dan Rohlf, PEAC or Earthwise in any notices/agendas or minutes of the CPO. O'Connor Declaration, par. 4); and (4) if signed, whether the signatory had the authority to sign the agreement on behalf of the CPO. The production of the fee agreements and other requested documents are relevant to these issues.

Finally, the MHC-CPO is subject to the Public Meetings Law and, arguably, the Public Records Law. O'Connor Declaration, par. Ex. 1. The attorney fee agreement between the CPO and Earthwise is a public record. There are no exceptions in ORS 192.410 et seq that prevent the production of the attorney fee agreement with the CPO or related documents that have been requested.

Defendants may suggest that documents relating to the alleged fee agreement with the CPO are not relevant because the CPO has not joined in the Petition for Fees. That begs the issue. First, defendants have not segregated time spent on work related to the CPO from time spent on work related to individual defendants. Second, that narrow

3    PLAINTIFFS' RULE 54(d)(2)(b)(iv) MOTION and TO RE-OPEN DISCOVERY

view ignores the relevance of the information to a number of the factors that the court must weigh and the issues listed above.

## CONLCUSION

Plaintiffs' motion for an order under FRCP 54(d)(2)(b)(iv) that defendants produce fee agreements should be granted. So, too, plaintiffs' motion for an order to re-open discovery for the limited purpose of obtaining documents relevant to the fee agreements should be granted.

Dated: March 25, 2016                    /Mark E. Griffin/
                                         Mark E. Griffin, OSB 76-152
                                         GRIFFIN & MCCANDLISH
                                         Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing upon the following attorneys through the court's electronic filing system:

Daniel Rohlf
Earthwise Law Center
10015 SW Terwilliger Blvd.
Portland, Oregon  97219-7768

Alexander Gordon
Stephen Madkour
Clackamas County Counsel
2051 Kaen Rd.
Oregon City, Oregon  97045-1819

| | |
|---|---|
| Dated:  March 25, 2016 | /s/ Mark E. Griffin <br> Mark E. Griffin, OSB 76-152 <br><br> GRIFFIN & McCANDLISH <br> 1631 NE Broadway, #721 <br> Portland, Oregon  97232 <br> (503)-680-3042 <br> mark@markgriffin.com |

5    PLAINTIFFS' RULE 54(d)(2)(b)(iv) MOTION and TO RE-OPEN DISCOVERY