Daniel J. Rohlf, OSB 99006
rohlf@lclark.edu
Earthrise Law Center
10015 S.W. Terwilliger Blvd.
Portland, OR 97219-7768
Telephone: (503) 768-6707
Fax: (503) 768-6642

*Counsel for Defendants Mt. Hood Corridor CPO, Don Mench,
Dave Fulton, Roy Bellows, Donna Bellows, and Janine Bertram*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KIP O'CONNOR**, et al.<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF CLACKAMAS**, et al.,<br><br>Defendants. | Civil No. 3:11-CV-1297-SI<br><br>**CPO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RE-OPEN DISCOVERY** |

**I.	INTRODUCTION**

Plaintiffs' (collectively Big Mountain) motion to re-open discovery marks the most recent volley in a case that has wasted the time many people and institutions for over five years – and perhaps more significantly has frayed the nerves of individually-named defendants and contributed to the demise of a volunteer-based community organization that existed solely for the purpose of encouraging citizens to participate in land use decision-making that shapes their local

1	*CPO DEFENDANTS' OPPOSITION TO RE-OPENING DISCOVERY*

surroundings. As explained below, the documents Big Mountain seeks through renewed discovery are irrelevant to the sole remaining issue in this case, CPO Defendants' request for attorney fees[1] to which they are entitled pursuant to ORS 31.152(3). This Court should therefore deny Big Mountain's motion to re-open discovery and rule on CPO Defendants' motion for fees.

**II.     ARGUMENT**

As noted in CPO Defendants' recently filed motion for attorney fees (Dkt. #166), Oregon state law provides for an award of attorney fees to defendants who successfully make a special motion to strike claims against them pursuant to the state's anti-SLAPP law. *See* ORS 31.152(3). Since a federal court must apply state law in awarding these fees, *see e.g. Northon v. Rule, 637 F.3d 937 (9th Cir. 2011),* this Court must consider the factors in ORS 20.075(1) and (2) in awarding fees to CPO Defendants.

In its motion seeking discovery of the fee agreement and related documents between CPO Defendants and Earthrise Law Center[2], Big Mountain asserts that this material is relevant "to a number of the factors that the court must weigh" pursuant to ORS 20.075(1) and (2) to determine the fees to which CPO Defendants are entitled under ORS 31.152(3). Plaintiffs' motion to re-open discovery at 4. Tellingly, however, Big Mountain makes no effort whatsoever in its motion to identify the factors under ORS 20.075(1) and (2) that it believes make the details of Earthrise's fee agreement with its clients relevant to this Court's decision on fees in this case. A review of these statutory factors reveals the reason for Big Mountain's vague assertion about

---

[1] As noted in CPO Defendants' motion for fees (Dkt #166), only individually named CPO Defendants move for fees since the CPO itself is currently inactive – in part due to this litigation. *See* CPO Defendants' motion for fees at footnotes 1 and 2.
[2] Throughout its documents, Big Mountain erroneously refers to Earthrise Law Center as "Earthwise."

relevance – virtually none of the statutory factors in ORS 20.075(1) and (2) have anything to do with the fee arrangements between parties that successfully filed a special motion to dismiss under Oregon's anti-SLAPP law and their counsel. The only statutory factor that touches on such fee arrangements is ORS 20.075(2)(h), which allows a court to consider "[w]hether the fee of the attorney is fixed or contingent."

An Oregon federal district court has considered ORS 20.075(2)(h) in the context of ruling on a fee award to a successful anti-SLAPP defendant. *See Accuardi v. Fredericks,* 2014 WL 1618357 (D. Ore. 2014). There, the court decided that the defendant, whose attorney provided *pro bono* representation and stood to recover fees under Oregon law's fee-shifting provision only if defendant was successful, was not entitled to apply a multiplier to enhance its attorney fee award due to the fact that defendant's counsel risked earning nothing if defendant had not prevailed. *See id.* at *4. On the other hand, the *Accuardi* court did not cite this fee arrangement as a basis to consider reducing defendants' fee award. *See id*. In this case, Earthrise has made it clear that it represents all CPO Defendants on *pro bono* basis similar to the parties' arrangement in *Accuardi*. *See* Declaration of Daniel J. Rohlf in support of CPO Defendants' motion for fees (Dkt. #167) at ¶ 5. Unlike in *Accuardi*, however, CPO Defendants here do not seek a multiplier of their otherwise reasonable fees due to the nature of Earthrise's representation. *See* CPO motion for fees at 10. Therefore, the sole factor in ORS 20.075(1) and (2) that makes the nature of Earthrise's fee agreement with CPO Defendants conceivably relevant to this Court's ruling on CPO Defendants' motion for fees cuts against any interest of Big Mountain in reducing this fee award. Moreover, a successful anti-SLAPP defendant may recover attorney fees even if its attorney represents defendant on a pro bono basis. *See, e.g. Accuardi, supra* (federal court

awarded attorney fees to successful defendant under Oregon anti-SLAPP law when defendant's attorney worked on a *pro bono* basis, to be paid only through a court-ordered fee award).

Precedent and logic notwithstanding, if Big Mountain believes that Earthrise's *pro bono* fee arrangement – similar to the one in *Accuardi* – is somehow relevant to any other factor in ORS 20.075(1) and (2), it is free to raise its arguments in response to CPO Defendants' fee petition. However, the specifics of Earthrise's fee agreement with CPO Defendants are irrelevant to this Court's decision on fees under the factors set forth by ORS 20.075(1) and (2). Indeed, in *League of Wilderness Defenders v. U.S. Forest Service*, 2014 WL 3546858 (D. Ore. 2014) at *11, this Court specifically noted that a formal engagement letter is not necessary to create an attorney client relationship under Oregon law (citing *In re Weidner*, 801 P.2d 828, 836n.7 (Or. 1990)). Given that an explicit fee agreement between Earthrise and CPO Defendants is not necessary for purposes of this Court's resolution of CPO Defendants' motion for fees, Big Mountain has no need whatsoever to discover the precise content of the fee agreement between CPO Defendants and Earthrise in order to meaningfully respond to the pending motion for fees.

Finally, in an apparent attempt to inject additional issues into this Court's decision as to fees, Big Mountain raises questions in its motion to re-open discovery about Earthrise's representation of the Mt. Hood Corridor CPO itself versus individually-named defendants associated with the CPO. *See* Plaintiffs' motion to re-open discovery at 3-4. This issue also has no relevance under ORS 20.075(1) and (2), particularly since Big Mountain itself never made any effort to draw a distinction between actions of the CPO itself and actions of individuals associated with the CPO in connection with its claim of intentional interference with Big Mountain's business relations. *See* Big Mountain Complaint (Dkt. #1) at ¶¶ 95-98; Big Mountain opposition to special motion to dismiss (Dkt. #32) at 7-13.Therefore, individually-named CPO

Defendants would have needed exactly the same legal services for which they now seek fees had the CPO itself been a defendant or not.

III.   CONCLUSION

This case remains a textbook example of parties abusing the legal system. Through its latest motion, Big Mountain simply aims to prolong the proceedings in this case and find additional issues to attempt to litigate in an effort to avoid paying CPO Defendants' attorney fees.[3] Courts discourage such tactics. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[a] request for attorney's fees should not result in a second major litigation").

For the reasons set forth above, this Court should deny Big Mountain's request to re-open discovery in this case. If Big Mountain believes that Earthrise's *pro bono* representation of CPO Defendants has any bearing on CPO Defendants' eligibility for fees under ORS 20.075(1) and (2), Plaintiffs are free to raise these arguments in response to CPO Defendants' fee petition.

DATED March 29, 2016

                              Respectfully Submitted,

                              **/S/ Daniel J. Rohlf**

                              Daniel J. Rohlf
                              Thomas Buchele

                              *Counsel for CPO Defendants*

---

[3] CPO Defendants note that despite the Ninth Circuit's resolution of the appeal in this case over three months ago, Big Mountain has yet to pay the costs taxed against it by both this Court and the Court of Appeals.