IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **O'CONNOR,** *et al.*, | Case No. 3:11-cv-01297-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **COUNTY OF CLACKAMAS,** *et al.*, | |
| Defendants. | |

Mark E. Griffin, Griffin & McCandlish, 1631 N.E. Broadway, # 721, Portland, Oregon 97232. Of Attorneys for Plaintiffs.

Stephen L. Madkour, County Counsel, Scott C. Ciecko and Alexander Gordon, Assistant County Counsel, Clackamas County, Oregon, 2051 Kaen Road, Oregon City, Oregon 97045. Of Attorneys for Defendants Clackamas County, Steve Hanschka, and Kim Benthin.

Daniel J. Rohlf and Thomas Buchele, Earthrise Law Center, 10015 S.W. Terwilliger Blvd., Portland, Oregon 97219. Of Attorneys for Defendants Mt. Hood Corridor CPO, Donald Mench, Dave Fulton, Roy Bellows, Donna Bellows, and Janine Bertram.

**Michael H. Simon, District Judge.**

On August 12, 2012, the Court dismissed with prejudice Plaintiffs' state tort claim for intentional interference with economic relations ("IIER") against Defendants Mt. Hood Corridor CPO,[1] Donald Mench, Dave Fulton, Roy Bellows, Donna Bellows, and Janine Bertram (collectively, the "CPO Defendants"). The Court dismissed this claim pursuant to a special

---

[1] "CPO" is an abbreviation for "Community Planning Organization."

motion to strike filed under Oregon's law protecting against lawsuits challenging the exercise of constitutional rights of petition or speech concerning an issue of public interest. Such a lawsuit is referred to as a "strategic lawsuit against public participation," or "SLAPP suit," and state laws protecting against such suits are referred to an as "Anti-SLAPP" laws. Oregon's Anti-SLAPP law is codified at Or. Rev. Stat. § 31.150. This law provides for expedited consideration of a motion to strike, along with mandatory attorney fees upon the success of such a motion. As explained by the Ninth Circuit, "Anti-SLAPP statutes are designed to allow the early dismissal of meritless lawsuits aimed at chilling expression through costly, time-consuming litigation." *Northon v. Rule,* 637 F.3d 937, 938 (9th Cir. 2011), quoting *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009). After considering the CPO Defendants' motion to strike Plaintiffs' IIER claim, the Court found that Plaintiffs had not established a probability that they would prevail on that claim, after Plaintiffs failed to present substantial evidence to support a *prima facie* case. *O'Connor v. County of Clackamas*, 2012 WL 3756321 (D. Or. Aug. 28, 2012).

In addition to dismissing Plaintiffs' IIER claim under Oregon's Anti-SLAPP law, the Court dismissed Plaintiffs' federal civil rights due process claim, under 42 U.S.C. § 1983, against all CPO Defendants except Mr. Mench and the CPO itself. *Id.* The Court later dismissed those claims by summary judgment. *O'Connor v. County of Clackamas*, 2013 WL 3818143 (D. Or. July 22, 2013). Plaintiffs appealed to the Ninth Circuit, which summarily affirmed. *O'Connor v. County of Clackamas*, 627 Fed. Appx. 670 (9th Cir. 2015).

Before the Court is the CPO Defendants' motion for attorney's fees. Dkt. 166. The CPO Defendants seek only their fees relating to defending against Plaintiffs' IIER claim and do not seek fees relating to their successful defense against Plaintiffs' federal civil rights claim. For the

reasons discussed below, the CPO Defendants' motion is granted in part. The CPO Defendants are awarded $77,352.50 in attorney's fees.

## STANDARDS

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citation and quotation marks omitted). Oregon law provides for attorney's fees for a prevailing party on a special motion to strike a SLAPP complaint, as follows:

> A defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney fees to a plaintiff who prevails on a special motion to strike.

Or. Rev. Stat. § 31.152(3).

After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must then consider the specific factors set forth in Or. Rev. Stat. § 20.075 to determine the amount of attorney's fees to be awarded. The specific factors set forth in Or. Rev. Stat. § 20.075(1) are:

> (a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b)    The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

PAGE 3 – OPINION AND ORDER

      (d)     The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

      (e)     The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

      (f)     The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

      (g)     The amount that the court has awarded as a prevailing party fee under ORS 20.190.

      (h)     Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1).[2] After considering these eight factors, Or. Rev. Stat. § 20.075(2) then directs the court to consider the following additional eight factors:

      (a)     The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

      (b)     The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

      (c)     The fee customarily charged in the locality for similar legal services.

      (d)     The amount involved in the controversy and the results obtained.

      (e)     The time limitations imposed by the client or the circumstances of the case.

---

[2] Under subsection (1), these factors are to be first considered in determining whether to award fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." In addition, in any case in which an award of fees is authorized or required, the court shall consider the factors specified in subsection (1) as well as the factors specified in subsection (2) "in determining the amount of an award of attorney fees in those cases." Or. Rev. Stat. § 20.075(2). Because this case involves a defendant who prevailed on a special motion to strike under Or. Rev. Stat. § 31.150, the award of attorney's fees is mandatory. *See Page v. Parsons*, 249 Or. App. 445, 463 (2012) (noting that the statute makes "an attorney's fee award mandatory in a case such as this, where the defendant prevails on a special motion to strike"). Accordingly, the Court considers these factors in determining the reasonable amount of attorney fees to be awarded in this case.

PAGE 4 – OPINION AND ORDER

>  (f) The nature and length of the attorney's professional relationship with the client.
>
>  (g) The experience, reputation and ability of the attorney performing the services.
>
>  (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998). The court, however, "ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

Under Or. Rev. Stat. § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate. Taken together, these factors are comparable to what is often referred to as the "lodestar" method for calculating a reasonable attorney's fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (holding that the lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate); *see also Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including Or. Rev. Stat. § 20.075); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award . . . .").

PAGE 5 – OPINION AND ORDER

## DISCUSSION

### A. Or. Rev. Stat. § 20.075(1) Factors

In considering the eight factors identified in Or. Rev. Stat. § 20.075(1), the Court concludes that factors (a) through (e) support the award of a reasonable attorney's fee in this case. Factors (f), (g), and (h) do not specifically inform the Court's decision on the proper amount of a reasonable attorney's fee.

The Court declines Plaintiffs' invitation to relitigate the merits of Plaintiffs' IIER claim in considering the factors relating to the pending motion for a fee award. The Court and the Ninth Circuit have rejected Plaintiffs' arguments that their IIER claim had merit. The Court does not read the two recent Oregon Court of Appeals cases cited by Plaintiffs as calling into question either the Court's or the Ninth Circuit's analyses. *See Tri-Met v. Amalgamated Transit Union Local 757*, 276 Or. App. 513 (2016); *Handy v. Lane Cnty.*, 274 Or. App. 644 (2015). These cases involved claims for relief based on alleged violations of specific Oregon statutes relating to proper procedures for public meetings. No such claims were asserted in this case. Further, these cases are not relevant to the Court's analysis of the objective reasonableness of Plaintiffs' IIER claim. The Court correctly found that Plaintiffs presented nothing other than unsubstantiated allegations.

### B. Or. Rev. Stat. § 20.075(2) Factors

In considering the eight factors identified in Or. Rev. Stat. § 20.075(2), the Court concludes that factors (a), (c), (d), and (g), the "lodestar" factors, are most relevant, with the remaining factors being either neutral or inapplicable.

#### 1. Factor (a)—Reasonableness of the hours expended by counsel

The District of Oregon expressly cautions against block-billing, *i.e.,* including more than one task in the description of work performed. This practice hinders a court's ability to assess the

PAGE 6 – OPINION AND ORDER

reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Fee Petitions, *available at* https://www.ord.uscourts.gov/index.php/court-info/court-policies/fee-petitions (last updated Feb. 18, 2016). Applying this cautionary statement, United States Magistrate Judge John Acosta has noted, "the court may excuse this method when the billing period is no more than three hours." *Noel v. Hall,* 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013). For block-billing periods in excess of three hours, however, Judge Acosta has reduced each applicable entry by fifty percent.

> Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

*Id.* (alteration in original). This Court follows Judge Acosta's approach.

For work performed by its counsel and law students in opposing Plaintiffs' IIER claim, the CPO Defendants seek an award for 91.3 hours worked by attorney Daniel J. Rohlf, 2.3 hours worked by attorney Thomas Buchele, and 75.9 hours worked by law students, on which they place a value of $51,607.50. The Court has reviewed the entries set forth in Exhibit 1 to the Declaration of Daniel J. Rohlf. Dkt. 167 at 8-12. With the exception of one instance of "block billing" for time over the three-hour maximum, and other exceptions noted below, the Court finds the hours expended to be reasonable.[3] The one block-billed entry was by Daniel J. Rohlf

---

[3] The Court notes that there were a few entries of more than three hours combining time spent on drafting motions along with drafting supporting declarations, but the Court does not consider these entries to be instances of improper block billing.

PAGE 7 – OPINION AND ORDER

for 5.2 hours. The Court reduces the time billed by Mr. Rohlf for this specific entry by 50 percent, for a reduction of 2.6 hours, valued at $1,170.

For work performed by its counsel and laws students in connection with litigating this contested fee motion, the CPO Defendants also seek an award for 80.15 hours worked, which they value at $31,991. Dkt. 195. The Court has reviewed the entries set forth in this request and finds some of the specific items do not relate to the fees requested for defending the IIER claim under Oregon's Anti-SLAPP law, but instead relate to fees for defending the civil rights claim, which the CPO Defendants do not seek. They are as follows:

| | | | |
|---|---|---|---|
| Law Student Jamie Ward | February 7, 2016 | 2.2 hours | $275.00 |
| Law Student Jamie Ward | February 24, 2016 | 0.4 hours | $ 50.00 |
| TOTAL: | | 2.6 hours | $325.00 |
| | | | |
| Attorney Daniel Rohlf | February 7, 2016 | 0.4 hours | $180.00 |
| Attorney Daniel Rohlf | February 24, 2016 | 0.4 hours | $180.00 |
| TOTAL: | | 0.8 hours | $360.00 |
| | | | |
| GRAND TOTAL: | | | $685.00 |

These time entries, therefore, are deducted from the total fees sought for litigating the fee petition, reducing the fee award for litigating the fee petition to $31,306.

The Court also considers the total fees requested for litigating the fee petition to be unreasonably high and notes that they equal approximately 60 percent of the fees requested for successfully defending against Plaintiffs' IIER claim. Some of the time entries are unreasonably high, such as the entry on February 2, 2016 for 0.4 hours (24 minutes) to draft a four-sentence, unopposed motion for an extension of time to file the fee petition. The Court exercises its discretion to impose a 10 percent reduction, or "haircut," off the remaining $31,306 in fees requested for litigating the fee petition, thereby reducing the fees by $3,131, to $28,175. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("'[T]he district court can

PAGE 8 – OPINION AND ORDER

impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.'" (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008))).

### 2. Factors (c) and (g)—Reasonableness of hourly rates

In determining reasonable hourly rates, Oregon courts have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice.[4] Another useful survey, although somewhat more limited in scope, is the Morones Survey of Commercial Litigation Fees. The most recent update of the Morones Survey is dated January 1, 2014, but because much of the work at issue in the motion to strike was performed in 2012, the Court considers the version of the Morones survey dated January 1, 2012 ("Morones 2012 Survey"). The Morones 2012 Survey contains data on attorney billing rates based on years of experience, but it is confined to commercial litigation attorneys practicing in Portland, Oregon. The Morones 2012 Survey reports data for 306 attorneys from 18 law firms (out of 28 law firms requested to provide data).[5]

The CPO Defendants request rates of $450 per hour for attorneys Daniel J. Rohlf and Thomas Buchele, and $125 per hour for work performed by law students. Mr. Rohlf has been a practicing attorney for 28 years and Mr. Buchele for 29 years. Both of them specialize in complex civil and environmental litigation. The Court first evaluates the rates proposed for Messrs. Rohlf and Buchele in light of the OSB 2012 Survey and the 2012 Morones Survey.

---

[4] A copy of the OSB 2012 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (last visited on May 4, 2016).

[5] A copy of the Morones 2012 Survey is available at Dkt. 257-4 in *U.S. v. Western Radio Services, Co.*, Case No. 3:11-cv-638-SI, among other places.

PAGE 9 – OPINION AND ORDER

Because this case did not require any environmental law expertise, the Court considers hourly rates in Portland for civil litigation. Reviewing the 2012 OSB Survey, the proposed hourly rate of $450 is approximately four percent lower than the 95th Percentile for Portland Attorneys with between 21 and 30 years of experience ($470). Considering the 2012 Morones Survey, the proposed hourly rate exceeds the average ($412) and median ($400) rates for attorneys with between 20 and 29 years of experience in commercial litigation in Portland, but it is well below both the average ($569) and median ($550) rates of the 15 attorneys with the highest hourly rates for commercial litigation in Portland. Considering the experience, reputations, and abilities of both Messrs. Rohlf and Buchele, the requested hourly rate of $450 is reasonable.

Time spent by law clerks, even though they are not attorneys, is compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009). The Court has previously found that an hourly rate of $125 is reasonable for law student time,[6] and Plaintiffs do not argue that such a rate is unreasonable in this case.

### 3. Factor (d)—Amount in controversy and results obtained

Plaintiffs filed suit seeking damages of not less than $1,000,000. The CPO Defendants achieved an early, expedited dismissal with prejudice of Plaintiffs' IIER claim. Thus, the amount in controversy and the results obtained support a finding that the CPO Defendants' fee request is reasonable.

### 4. Other objections raised by Plaintiffs

Plaintiffs also raise other objections to the CPO Defendants' Motion for Attorney Fees. First, Plaintiffs object to time expended filing a motion to dismiss in the appeal before the Ninth

---

[6] *League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, No. 3:10-cv-01397-SI, 2014 WL 3546858, at *1 (D. Or. July 15, 2014), *appeal dismissed* (Nov. 12, 2014).

Circuit. The motion to dismiss was based, at least in part, on the argument that Plaintiffs could not appeal the Court's dismissal of the IIER claim because Plaintiffs failed to include the claim in their amended pleadings. Dkt. 162-1. The Ninth Circuit did not reach this question because it found that even if Plaintiffs could appeal that dismissal, their appeal fails on the merits. *Id.* The Court finds that time expended on this motion is reasonable and compensable.

Second, Plaintiffs argue that many entries are duplicative or are better classified as "teaching events." The Court has reviewed the entries and finds this objection without merit.

Third, Plaintiffs argue that three of the defendants, Roy Bellows, Donna Bellows, and the CPO "have not appeared" and have thus waived their right to attorney's fees. Plaintiffs do not explain how these defendants have not appeared, and the record belies Plaintiffs' assertion. These three defendants appeared in this case, Dkt. 5, and successfully moved to strike the IIER claim. Dkt. 17. They also have moved for attorney's fees, Dkt. 166, and are entitled to do so. Accordingly, Plaintiffs' objection is without merit.

Fourth, Plaintiffs object that certain fees being sought are for time entries that are ambiguous as to whether the work was performed on the IIER claim or another claim (*e.g.*, entries that state "reviewed response brief" and "declarations and brief"). The CPO Defendants did not respond to this specific objection, but in his Declaration, Mr. Rohlf attests that he has reviewed all of the time entries, removed duplicative or excessive time, and removed billed hours spent on Plaintiffs' due process claim. Dkt. 167-4. The Court has reviewed the time entries and, except as noted below, does not find that they relate to claims other than Plaintiffs' IIER claim. Given both the reasonableness of the time spent moving against Plaintiffs' IIER claim and Mr. Rohlf's declaration, the Court overrules this objection.

Plaintiffs also argue that two specific time entries on January 14, 2012, appear to relate to Plaintiffs' federal law claims. The CPO Defendants did not respond to this objection, and Plaintiffs' objection appears to be well taken. The two time entries, totaling 4.6 hours and valued at $575, state that they are for reviewing the Complaint and researching law relating to 42 U.S.C § 1983's requirements of "color of state law" and "state action." Dkt. 167 at 8. Accordingly, the Court reduces the fee award by $575.

Finally, Plaintiffs object to the supplemental fee request for time spent preparing the fee petition. Plaintiffs object that some specific time entries do not relate to fees for defending the IIER claim. As previously discussed, this objection is sustained in part, and the Court has reduced the fee requests for these entries. Plaintiffs further object that the expert declarants improperly "block billed" their time. The Court disagrees. This billing style is customary and reasonable for experts and does not constitute inappropriate attorney block billing. The Court considers the remaining specific objections to be either without merit or already appropriately addressed by the Court's "haircut" reduction of 10 percent.

### 5. Summary

In summary, the CPO Defendants are entitled to their requested fees for defending the IIER claim of $51,607.50, minus the reduction of $1,170 taken for the one block-billed entry of greater than three hours and the reduction of $575 for time spent on Plaintiffs' Section 1983 claim. This results in reasonable fees for defending against Plaintiffs' IIER claim in the total amount of $49,862.50.

For litigating this fee motion, the $31,991 requested by the CPO Defendants is reduced by $685 for time entries relating to fees for the civil rights claim and $3,131 for the "haircut" reduction imposed by the Court. This results in fees of $27,490. Combining these fees with the fees for defending the IIER claim results in total attorney's fees of $77,352.50.

## CONCLUSION

The CPO Defendants' Motion for Attorney's Fees (Dkt. 166) is GRANTED IN PART.

The CPO Defendants are awarded $77,352.50 against Plaintiffs as reasonable attorney's fees.

**IT IS SO ORDERED**.

DATED this 31st day of May, 2016.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge
